# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

QUITMAN ROBINSON,                    :

               Plaintiff,        :        Civil Action No. 2:14 Civ. 2679 (SRC)

      -against-              :

NEW JERSEY TRANSIT RAIL          :
OPERATIONS, INC.                       FINAL PRETRIAL ORDER

                  :

          Defendant.

A pretrial conference* having been held before the Honorable Cathy L. Waldor, U.S.M.J., __Marc Wietzke__ having appeared for plaintiff(s) and ___Gregory Sullivan__ having appeared for defendant(s), this Final Pretrial Order is hereby entered:

[PRECEDE WITH DIVIDER #1]

1. JURISDICTION (set forth specifically)

    45 U.S.C. §51 et seq. - uncontested

2.    PENDING/CONTEMPLATED MOTIONS   (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar.  Also set forth the nature of the motion.  If the Court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position contemplated in limine motions should also be set forth.)


Plaintiff intends to move in limine pursuant to *Eichel v. New York Central R. Co.*, 375 U.S. 253 (1963) to preclude the introduction of any evidence of disability benefits as deriving from a collateral source.

3.    STIPULATION OF FACTS  (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions to which the parties agree.)

1. This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

2. The defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

3. That prior to November 7, 2011, and at all times hereinafter mentioned, the defendant employed the plaintiff as a maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. That prior to November 7, 2011, and at all times hereinafter mentioned, the defendant maintained, operated and controlled M275 in Morristown, New Jersey, which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. Plaintiff was earning $27.40, gross, per hour at the time of the accident.

6. Plaintiff received a wage increase to $27.54 per hour effective January 1, 2012.

7. Plaintiff received a wage increase to $27.81 per hour effective July 1, 2012

8. Plaintiff received a wage increase to $28.09 per hour effective January 1, 2013

9. Plaintiff received a wage increase to $28.51 per hour effective July 1, 2013

10. Plaintiff received a wage increase to $28.94 per hour effective January 1, 2014

11. Plaintiff received a wage increase to $29.37 per hour effective July 1, 2014

12. Plaintiff received a wage increase to $29.81 per hour effective January 1, 2015

13. Plaintiff received a wage increase to $30.26 per hour effective July 1, 2015

14. Plaintiff received a wage increase to $30.72 per hour effective January 1, 2016

15. Plaintiff received a wage increase to $31.18 per hour effective July 1, 2016

16. Plaintiff is entitled to a wage increase to $31.64 per hour effective January 1, 2017

17. Plaintiff is entitled to wage increase to $32.38 per hour effective July 1, 2017

18. Plaintiff is out of work from August 3, 2013 to present.

19. Plaintiff is currently 59 years old.

20. Plaintiff has a life expectancy of 23. years - National Vital Statistics Reports.

21. Plaintiff has a work expectancy of 18.3 years - US Department of Labor – Bureau of

    Labor Statistics

4.    PLAINTIFF'S CONTESTED FACTS   (Proofs shall be limited at trial to the contested facts set forth.  Failure to set forth any contested facts shall be deemed a waiver thereof.)

A. Plaintiff intends to prove the following contested facts with regard to liability:

1.   Plaintiff was kneeling in the hole bent over at the waist, due to not being able to stand up underneath the bungalow, digging/removing dirt and exposing the working cables when he went to turn to put the heavy wet dirt in another area of the hole.

2.   There was a discussion days before the incident in question between plaintiff and Nunzio Mazza requesting that the bungalow be pulled off the legs in order to do the digging under the bungalow.

3.   The request was denied because it would slow down trains. Additionally, Frank Ruggiero knew what the conditions were and should have requested lifting of the bungalow.

4.   The employees, including plaintiff, were required to work bent over under the bungalow to do the digging, exposing them to potential cave-ins and increasing the likelihood of a back injury due to awkward posture.

5.   Plaintiff was required to dig while kneeling

6.   The cables could have been removed by alternate means.

7.   The hut was placed using a boom.

8.   The defendant negligently and carelessly conducted itself toward the plaintiff

in failing to provide plaintiff with a reasonably safe place to work;

9.   Defendant failed to provide proper equipment;

10. Defendant failed to provide adequate manpower;

11. Defendant failed to properly install the signal hut in the first instance;

12. Defendant failed to inspect plaintiff's work area;

B. Plaintiff intends to prove the following contested facts with regard to damages:

1.   Plaintiff sustained a herniation at L5-S1 which compressed the proximal right S1 nerve root.

2.   Plaintiff underwent surgery on 8/6/13 when Dr. Andrew Hecht, Chief of Spine

Surgery at Mount Sinai Medical Center performed a right L5-S1 microdiskectomy and right L4-L5 foraminotomy.

3. The surgery was successful in the sense of reducing the leg pain, but since that date, Dr. Hecht has kept Mr. Robinson out of work on account of his back injury due to the likelihood of re-injury from the heavy labor nature of Mr. Robinson's job.

4. As a result of his injuries, plaintiff was unable to resume his rigorous outdoor work.

5. Plaintiff has not returned to work following his surgery for his injury of November 7, 2011.

6. The following are the contractual wage increases:

| Date | % Increase | $ Increase | Rate |
|------|-----------|-----------|------|
| 7/1/2011 | | | $ 27.40 |
| 1/1/2012 | 0.5% | $ 0.14 | $ 27.54 |
| 7/1/2012 | 1.0% | $ 0.28 | $ 27.81 |
| 1/1/2013 | 1.0% | $ 0.28 | $ 28.09 |
| 7/1/2013 | 1.5% | $ 0.42 | $ 28.51 |
| 1/1/2014 | 1.5% | $ 0.43 | $ 28.94 |
| 7/1/2014 | 1.5% | $ 0.43 | $ 29.37 |
| 1/1/2015 | 1.5% | $ 0.44 | $ 29.81 |
| 7/1/2015 | 1.5% | $ 0.45 | $ 30.26 |
| 1/1/2016 | 1.5% | $ 0.45 | $ 30.72 |
| 7/1/2016 | 1.5% | $ 0.46 | $ 31.18 |
| 1/1/2017 | 1.5% | $ 0.47 | $ 31.64 |
| 7/1/2017 | 2% | $ 0.63 | $ 32.28 |

7. **The plaintiff claims past wage loss of $271,930.15 calculated as follows:**

| Start | End | Hourly rate | Overtime Rate | Straight Hours per week | OT Hours Per Week | Weekly Loss | Weeks Missed | Combined Wage Loss |
|---|---|---|---|---|---|---|---|---|
| 8/3/2013 | 12/31/2013 | $ 28.51 | $42.77 | 40 | 12.5 | $1,675.07 | 21.429 | $35,894.38 |
| 1/1/2014 | 6/30/2014 | $ 28.94 | $43.41 | 40 | 12.5 | $1,700.20 | 25.714 | $43,719.36 |
| 7/1/2014 | 12/31/2014 | $ 29.37 | $44.06 | 40 | 12.5 | $1,725.70 | 26.143 | $45,114.74 |
| 1/1/2015 | 6/30/2015 | $ 29.81 | $44.72 | 40 | 12.5 | $1,751.59 | 25.714 | $45,040.78 |
| 7/1/2015 | 12/31/2015 | $ 30.26 | $45.39 | 40 | 12.5 | $1,777.86 | 26.143 | $46,478.33 |
| 1/1/2016 | 8/4/2016 | $ 30.72 | $46.07 | 40 | 12.5 | $1,804.53 | 30.857 | $55,682.56 |
| | | | | | | Past Wage Loss | | $271,930.15 |

8. **Plaintiff claims a future wage loss of $234,718.61 calculated as follows:**

| Start | End | Full Hourly rate | OT Hourly Rate | Hours /week | OT Hours /week | Weekly Loss | Weeks Missed | Combined Wage Loss |
|---|---|---|---|---|---|---|---|---|
| 8/5/2016 | 12/31/2016 | $ 31.18 | $ 46.76 | 40 | 12.5 | $1,831.60 | 21.143 | $38,725.16 |
| 1/1/2017 | 6/30/2017 | $ 31.64 | $ 47.47 | 40 | 12.5 | $1,859.07 | 25.714 | $47,804.64 |
| 7/1/2017 | 12/31/2017 | $ 32.28 | $ 48.41 | 40 | 12.5 | $1,896.25 | 26.143 | $49,573.41 |
| 1/1/2018 | 12/31/2018 | $ 32.28 | $ 48.42 | 40 | 12.5 | $1,896.45 | 52 | $98,615.40 |
| | | | | | | Future Wage Loss | | $234,718.61 |

9. **Plaintiff claims a total net wage loss of $430,651.44 calculated as follows:**

| | | |
|---|---|---|
| Past Wage Loss | | $271,930.15 |
| Future Wage Loss | | $234,718.61 |
| Total Gross Wage Loss | | $506,648.76 |
| **Total Net Wage Loss (less 15% taxes)** | $ | **430,651.44** |

10. **Plaintiff would have worked until at least 2017.**

11. As a result of the accident and injuries in question, plaintiff has been and continues to be unable to perform the essential functions of his job.

12. Plaintiff's doctor has determined that plaintiff is 100% disabled from working in any capacity secondary to lower back pain.

13. Plaintiff's doctor has advised plaintiff that he should do no bending or lifting greater than 8 lbs, no twisting, no kneeling and no sitting for more than 30 minutes at a time.

14. Plaintiff will claim wage loss, unreimbursed/unpaid medical treatment and co-pays, past and future pain and suffering, mental anguish and loss of enjoyment of life.

5.    DEFENDANT'S CONTESTED FACTS   (Proofs shall be limited at trial to the contested facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof.)

A. Defendant intends to prove the following contested facts with regard to liability:

1. At the time of his alleged injury, plaintiff was working within the duties set forth in his job description.

2. Defendant had provided plaintiff with a reasonably safe place to work.

3. Defendant provided the proper equipment for and supervision of the work assigned to plaintiff.

B. Defendant intends to prove the following contested facts with regard to damages: (This statement must include the factual basis for each defense against the plaintiff's claims for damages.)

1. Plaintiff contends he suffered a herniation in his back at L5-S1. That problem was surgically repaired with an excellent result.

2. Prior to his surgery, plaintiff was cleared to return to full duty by NJ Transit on July 5, 2013.

3. Plaintiff never returned to work. Instead, he underwent back surgery on August 6, 2013.

4. In October of 2013, plaintiff was diagnosed with liver cancer.

5. Plaintiff never contacted NJ Transit's office for Strategic Staffing to inquire about a position that he would be able physically to do after his surgery.

6. Plaintiff's health situation was severely worsened by the discovery of his liver cancer.

6.   FACT WITNESSES:  (Aside from those called for impeachment purposes, only the fact witnesses set forth by name and address may testify at trial.  No summary of testimony is necessary.)

      A.    Plaintiff:

            Quitman Robinson
            Mike Flaherty
            Nunzio Mazza
            Frank Ruggiero
            Terry Maher

      B.    Defendant:

            Frank Ruggerio
            Mike Flaherty

7.    PLAINTIFF'S EXPERT WITNESSES: (No expert or specialized lay opinion witness offering scientific, technical or other specialized knowledge will be permitted to testify at trial unless listed below. A summary of the expert qualifications and a copy of his/her report must be provided for the Court's review at the pretrial conference. No opposing counsel shall be permitted to question the expert's qualifications unless the basis of the objection is set forth herein.)

**A. Plaintiff's expert and specialized lay opinion witnesses are:**

**Dr. Robert Adair, 699 Teaneck Road, Teaneck, NJ  07666 –** will testify regarding his examination, testing, records reviewed, chart regarding plaintiff, findings, diagnosis, prognosis and treatment of plaintiff, including his discussions with plaintiff regarding his likelihood of recovery and future limitations.

**Dr. Neil Kahanovitz, Center for Orthopaedics, 1500 Pleasant Valley Way, Suite 101, West Orange, NJ 07052 –** may testify regarding his examination, testing, records reviewed, chart regarding plaintiff, findings, causation, diagnosis, prognosis and treatment of plaintiff, including his discussions with plaintiff regarding his likelihood of recovery and future limitations.

**Dr. Andrew Hecht, Mount Sinai Medical Center, 5 East 98th Street, Box 11, Suite 9, New York, NY 10029 –** will testify regarding his examination, testing, records reviewed, chart regarding plaintiff, findings, causation, diagnosis, prognosis and treatment of plaintiff, including his discussions with plaintiff regarding his likelihood of recovery and future limitations.

**Dr. Liang, All Care Clinic, 349 East Northfield Road, Suite 217, Livingston, NJ 07052 –** will testify regarding his examination, testing, records reviewed, chart regarding plaintiff, findings, causation, diagnosis, prognosis and treatment of plaintiff, including his discussions with plaintiff regarding his likelihood of recovery and future limitations.

B.    **Defendant's objections to the qualifications of the plaintiff's experts and specialized lay opinion witnesses are:**

C.    **Defendant's expert and specialized lay opinion witnesses are:**

Defendant's orthopedic expert, Joseph W. Dryer, M.D., prepared reports on April 9, 2015 and January 8, 2016. He concluded and will testify that plaintiff either developed an L5-S1 disc herniation or exacerbated a preexisting L5-S1 disc herniation as a result of the work-related injury on November 17, 2011. Conservative treatment was not successful. Robinson eventually underwent under-went microdiscectomy at L5-S1 as well as microdeompression at L4-5. Following this surgery, excellent results have been obtained. Dr. Dryer's physical examination of the lumbar spine demonstrated a minimal functional limitation consistent with a successful lumbar microdecompression.

D.    **Plaintiff's objections to the qualifications of the defendant's experts and specialized lay opinion witnesses are:**

8.    DEPOSITION: (List, by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed).

**A. On liability plaintiff intends to read into evidence the following:**

None anticipated, absent unavailability of witness.

**B. On damages plaintiff intends to read into evidence the following:**

9.    EXHIBITS          (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objections to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties herby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.

In accordance with the Pretrial Scheduling Order, three (3) weeks before the entry of the final Pretrial Order, counsel for each party shall serve upon all parties copies of all the trial exhibits, fully pre-marked with exhibit tabs and numbering to be utilized at trial).

**A. Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each exhibit):**

**See attached list.**

**B. Defendant objects to the introduction of plaintiff's exhibits (set forth number of exhibit and grounds for objection). Objections shall be provided two weeks before the trial brief is due.**

## 10. DEFENDANT EXHIBITS

(Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit listed attached hereto may be introduced at trial. Any objections to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.

In accordance with the Pre-trial Scheduling Order, three (3) weeks before the entry of the final Pre-trial Order, counsel for each party shall serve upon all parties copies of all trial exhibits, fully pre-marked with exhibit tabs and numbering to be utilized at trial).

**A. Defendant intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each exhibit).**

**See attached list.**

**B. Plaintiff objects to the introduction of defendant's exhibits (set forth number of exhibit and grounds for objection). Objections shall be provided two weeks before the trial brief is due.**

| |
|---|
| Report of Joseph W. Dryer, M.D. (4.9.15) |
| Supplemental report of Joseph W. Dryer, M.D. (1.8.16) |
| Second Supplemental report of Joseph W. Dryer, M.D. |

The reports of defendant's experts are objected to as cumulative and based on hearsay. Dr. Dryer will presumably testify in person at trial and he was not a treating provider.

(COPIES OF EXHIBITS ARE TO BE MADE FOR OPPOSING COUNSEL, AND A BENCH BOOK OF EXHIBITS IS TO BE DELIVERED TO THE JUDGE ONE WEEK PRIOR TO THE START OF THE TRIAL. IF COUNSEL DESIRES TO DISPLAY EXHIBITS TO THE JURY, SUFFICIENT COPIES SHOULD BE AVAILABLE TO PROVIDE EACH JUROR WITH A COPY; ALTERNATIVELY, ENLARGED PHOTOGRAPHIC OR PROJECTED COPIES MAY BE USED).

[PRECEDE WITH DIVIDER #11]

11.  PLAINTIFF'S LEGAL ISSUES

A.  Whether the defendant, through its agents, servants and employees were negligent in failing to provide plaintiff with a safe place to work.

B.  Whether the negligence of the railroad, its agents, servants and employees caused, in whole or in part, no matter how slight, plaintiff's injuries?

C.  What are the monetary damages suffered by the plaintiff?

12. DEFENDANT'S LEGAL ISSUES

Whether NJ Transit provided a reasonably safe place to work for plaintiff.

Whether plaintiff is entitled to future lost wages in light of the fact that he made no attempt to return to work in any position at NJ Transit following his back surgery on August 6, 2013.

13.   MISCELLANEOUS   (Set forth any matters which require action or
        should be brought to the attention of the Court.)

14.    TRIAL COUNSEL:  (List the names of trial counsel for all parties.)

         For Plaintiff:        Marc T. Wietzke, Esq.
                               Flynn & Wietzke, PC
                               1205 Franklin Avenue, Suite 370
                               Garden City, NY 11530
                               (516) 877-1234

         Defendant:            Gregory Sullivan, Esq.
                               John J. Hoffman, Acting Attorney General
                               R. J. Hughes Justice Complex
                               PO Box 116
                               Trenton, NJ 08625
                               (609) 292-6116

15.    A.    JURY TRIALS:

       Not later than _____

       1. Each party shall submit <u>to the District Judge and to opposing counsel</u> a trial brief in accordance with Local Civil Rule 7.2(b) (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments In support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE. In the event a brief is not submitted, The delinquent party's pleading may be stricken.

       2. Any hypothetical questions to be put to an expert witness on direct examination shall be submitted <u>to the District Judge and to opposing counsel.</u>

       3. Each party shall <u>submit to the District Judge and to opposing counsel</u> proposed <u>voir dire.</u>

       4. Plaintiff shall <u>submit to opposing counsel, in writing,</u> proposed jury instructions. Each instruction shall be on a <u>separate</u> sheet of <u>legal sized paper</u> and shall be numbered in sequence. Each instruction shall include citations to authorities, if any.

       Within 7 days of the above, opposing counsel shall, on the face of the instructions submitted by plaintiff, set forth any objections to the proposed jury instructions and/or proposed counter-instructions.

     B.    NON-JURY TRIALS:

       Not later than _____

       1. Each party shall submit <u>to the District Judge and to opposing counsel</u> a trial brief in accordance with Local Civil Rule 7.2(b) (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESSANY ANTICIPATED EVIDENCE DISPUTE. In the event a brief is not submitted, the delinquent party's pleading may be stricken.

       2. Any hypothetical questions to be put to an expert witness on direct examination shall be submitted <u>to the District Judge and to opposing counsel.</u>

       3.    Proposed Findings of Fact and Conclusions of Law shall be submitted <u>to the District Judge and to opposing counsel after the close of evidence.</u> These shall include annotations to trial transcripts and exhibits.

16.     BIFURCATION  (When appropriate, liability issues shall be severed and tried to verdict. Thereafter, damage issues will be tried to the same jury.)

The issues of liability and damages shall <u>not</u> be tried separately.

17.   ESTIMATED LENGTH OF TRIAL

      2       days for liability and

      1       days for damages.

TRIAL DATE:_____

AMENDMENTS TO THIS FINAL PRETRIAL ORDER SHALL NOT BE PERMITTED
UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF
THE AMENDMENT IS DISALLOWED.  THE COURT MAY FROM TIME TO TIME
SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION
OR AT THE REQUEST OF COUNSEL.

_____
(Attorney for Plaintiff)
Marc T. Wietzke, Esquire
Flynn & Wietzke, PC
1205 Franklin Avenue, Suite 250
Garden City, New York 11530
Telephone: 516-877-1234
Facsimile: 516-877-1177
E-mail: MWietzke@FELAattorney.com
       Eflecha@FELAattorney.com

_____
(Attorney for Defendant)
Gregory Sullivan, Esq.
John J. Hoffman, Acting Attorney General
R.J. Hughes Justice Complex
PO Box 116
Trenton, NJ 08625
Telephone: 609-292-6095
Facsimile: 609-633-8702
E-mail: Gregory.Sullivan@lps.state.nj.us

_____
CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

## RIDER ON LENGTH OF BRIEFS

The attention of the parties is directed to Local Civil Rule 7.2. Briefs shall not exceed 40 <u>ordinary</u> typed or printed pages ***" (emphasis added). This page limitation shall be <u>strictly enforced.</u>

When submitted a brief in accordance with this rule a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.

QUITMAN ROBINSON,

                    Plaintiff,                         Civil Action #: 2:14 Civ. 2679

      -against-                              FINAL PRE-TRIAL ORDER

NEW JERSEY TRANSIT RAIL OPERATIONS, INC.      Trial Date: _____

                  Defendant.

| EXHIBIT # | DESCRIPTION OF EXHIBIT | ID | EVID |
|---|---|---|---|
| 1 | NJT Report of Personal Injury (redacted) | | |
| 2 | Preliminary Morning Status Report Employee | | |
| 3 | Employee Statement - Mike Flaherty | | |
| 4 | NJT Initial Medical Record | | |
| 5 | NJT Medical Services Form MD40 | | |
| 6 | NJT Personnel File (redacted) | | |
| 7 | NJT Wage & Payroll File | | |
| 8 | NJT Medical Department File (redacted) | | |
| 9 | Google Earth Photograph of Accident Location | | |
| 10 | Signalman Physical Requirements Summary | | |
| 11 | Medical records from Dr. Andrew Hecht | | |
| 12 | Medical records from Dr. Robert Adair | | |
| 13 | Medical records from Dr. Liang at All Care Clinic | | |
| 14 | Medical records from Bush Kill EMS | | |
| 15 | Medical records from Mount Sinai Medical Center | | |
| 16 | Medical records from Pocono Medical Center | | |
| 17 | Medical records from Radiology Associates | | |
| 18 | Medical records from Center for Orthopaedics (Dr. Neil Kahanovitz) | | |
| | | | |
| | DEFENDANT'S EXHIBITS | | |
| A | Medical Services Form (MD-40) | | |
| B | NJ Transit Surigcal Authorization | | |
| C | Report of Joseph W. Dryer, M.D. (4.9.15) | | |
| D | Supplemental report of Joseph W. Dryer, M.D. (1.8.16) | | |
| E | Second Supplemental report of Joseph W. Dryer, M.D. | | |
| F | Signalman Physical Requirements Summary | | |