# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE VOLKSWAGEN TIMING CHAIN PRODUCT LIABILITY LITIGATION | Civil Action No. 16-2765 (JLL)(JAD) |

## SETTLEMENT AGREEMENT

Plaintiffs Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison Fleck, William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand (collectively, "Plaintiffs") and Volkswagen of America, Inc. ("VWGoA"), Volkswagen AG ("VWAG") and Audi AG (collectively, "Defendants"), by and through their counsel, enter into this Settlement Agreement ("Settlement Agreement" or "Agreement"), providing for settlement ("Settlement") of all claims asserted or that could have been asserted in the Lawsuit described below, pursuant to the terms and conditions set forth below, and subject to the approval of the Court in the Lawsuit defined herein.

## RECITALS

WHEREAS, Plaintiff David Zimand filed Civil Action No. 2:16-cv-02765 in the United States District Court for the District of New Jersey on May 16, 2016 (the "*Zimand* Action");

WHEREAS, Plaintiff Allan Gaudet filed Civil Action No. 2:16-cv-02872 in the United States District Court for the District of New Jersey on May 20, 2016 (the "*Gaudet* Action");

1

WHEREAS, Plaintiff Karl Molwitz filed Civil Action No. 2:16-cv-03120 in the United States District Court for the District of New Jersey on June 1, 2016 (the "*Molwitz* Action");

WHEREAS, Plaintiffs Allison Fleck, William Fleck, and Bartosz Zielezinski filed Civil Action No. 2:16-cv-03296 in the United States District Court for the District of New Jersey on June 7, 2016 (the "*Fleck* Action");

WHEREAS, Plaintiff Umar Ellahie filed Civil Action No. 2:16-cv-03319 in the United States District Court for the District of New Jersey on June 8, 2016 (the "*Ellahie* Action");

WHEREAS, Plaintiffs Dena Stockalper, Dawn Stanton Blanchard, Anoushirvan Nadiri, Jennifer Piumarta, William R. Swihart, Hannah LeMoine, Shimelesse Mekbeb, Katrina Calihan, Erika Sensnovis, Jason Hosier, Debra J. Oles, David Zhao, Suzanne Noyes, Hamza Deib, Jeffrey Pipe, Pamela K. Kane, and Zachariah Gossman filed Civil Action No. 2:16-cv-04346 in the United States District Court for the District of New Jersey on July 18, 2016 (the "*Stockalper* Action");

WHEREAS, by order dated August 16, 2016 (Dkt. No. 5), the *Zimand*, *Gaudet*, *Molwitz*, *Fleck*, *Ellahie*, and *Stockalper* Actions were consolidated under Civil Action No. 2:16-cv-02765 and captioned *In re Volkswagen Timing Chain Product Liability Litigation* (hereinafter, the "Action");

WHEREAS, on August 22, 2016, plaintiffs in the *Zimand, Gaudet, Molwitz, Fleck, Ellahie,* and *Stockalper* Actions, along with plaintiffs Garrett Johnson, Neel Mody, John Schaffranek, and Robby Smith filed a First Consolidated Class Action Complaint in this Action (Dkt. No. 6);

2

WHEREAS, Plaintiffs Lloyd Artola, Angel Esquijarosa, Demetrie Hylick, and Michael Spencer filed Civil Action No. 2:17-cv-03805 in the United States District Court for the District of New Jersey on May 30, 2017 (the "*Artola* Action");

WHEREAS, by order dated September 12, 2017 (Dkt. No. 73), the *Artola* Action was consolidated into the Action under Civil Action No. 2:16-cv-02765;

WHEREAS, Defendant Volkswagen Group of America, Inc.'s Answer to the Consolidated Complaint, Affirmative Defenses, and Demand for Jury Trial were filed on June 1, 2017 (Dkt. No. 57);

WHEREAS, Defendant Audi AG's Answer to the Consolidated Complaint, Affirmative Defenses, and Demand for Jury Trial were filed on August 31, 2017 (Dkt. No. 70);

WHEREAS, Defendant Volkswagen AG's Answer to the Consolidated Complaint, Affirmative Defenses, and Demand for Jury Trial were filed on August 31, 2017 (Dkt. No. 71);

WHEREAS, Plaintiffs have filed the Action as a putative class action against Defendants, claiming Timing Chain System defects in the Settlement Class Vehicles;

WHEREAS, Defendants deny Plaintiffs' allegations and claims.  Defendants maintain that the Settlement Class Vehicles are not defective, that no applicable warranties were breached nor applicable statutes violated, that the Settlement Class Vehicles were properly designed, manufactured, distributed, marketed, advertised, warranted and sold, and that Defendants have not engaged in any wrongdoing;

WHEREAS, the Parties, following discovery, investigation and careful analysis of their respective claims and defenses, and with full understanding of the risks, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could

have been brought in the Action by or on behalf of Plaintiffs and members of the Settlement

Class;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the underlying

settlement shall constitute or be construed as any admission of liability or wrongdoing on the

part of Defendants or any Released Party, which is expressly denied, or that the Plaintiffs' claims

or similar claims are or would be suitable for class treatment if the Action proceeded through

litigation and trial;

WHEREAS, this Settlement Agreement is the result of arm's length negotiations between

the Parties, and is fair, adequate and reasonable;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth

below, the Parties hereby agree as follows:

**I.     DEFINITIONS**

**A.     "Action" or "Lawsuit"**

"Action" or "Lawsuit" refers to the Consolidated Civil Action No. 2:16-CV-02765

(JLL)(JAD) captioned *In re Volkswagen Timing Chain Product Liability Litigation*, pending in

the United States District Court, District of New Jersey.

**B.     "Claim Administrator"**

The "Claim Administrator" is Epiq Global.

**C.     "Claim" or "Claim for Reimbursement"**

"Claim" or "Claim for Reimbursement" shall mean the timely submission of the required

form and proof in which a Settlement Class Member seeks to claim reimbursement available

under this Settlement Agreement.

**D.     "Claim Form"**

4

"Claim Form" refers to the form used to request reimbursement under this Agreement, substantially in the form attached hereto as Exhibit 1.

**E.    "Class Counsel" or "Plaintiffs' Counsel"**

"Class Counsel" or "Plaintiffs' Counsel" shall mean Thomas P. Sobran, Matthew R. Mendelsohn, Matthew D. Schelkopf, Bruce Greenberg, Roland K. Tellis, Peter Prieto and Christopher A. Seeger.

**F.    "Class Notice Plan"**

"Class Notice Plan" means the plan for disseminating class notice to the Settlement Class as set forth in Section IV.2., of this Settlement Agreement and includes any further notice provisions agreed upon by the Parties.

**G.    "Court"**

"Court" refers to the United States District Court for the District of New Jersey.

**H.    "Effective Date"**

"Effective Date" means the first date after (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form attached hereto as Exhibit 2, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs or incentive payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

**I.    "Final Order and Judgment"**

The "Final Order and Judgment" means the Final Order and Judgment approving the Settlement Agreement and dismissing the Lawsuit with prejudice as to Defendants

**J.    "In-Service Date"**

5

"In-Service Date" shall mean the date on which a Settlement Class Vehicle was delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

**K.      "Lead Class Counsel" or "Lead Settlement Class Counsel"**

"Lead Class Counsel" or "Lead Settlement Class Counsel" are James E. Cecchi, Joseph H. Meltzer and Gary S. Graifman.

**L.      "Notice Date"**

"Notice Date" means the date by which the Claim Administrator shall mail notice of this Settlement to the Settlement Class.  The Notice Date shall be agreed upon by the Parties who will utilize their best efforts to insure that it is no more than 75 (seventy-five) days after the Court enters a Preliminary Approval Order, substantially in the form attached hereto as Exhibit 3.

**M.      "Proof of Adherence to the Vehicle's Maintenance Schedule"**

"Proof of Adherence to the Vehicle's Maintenance Schedule" shall mean submission of documents evidencing the Settlement Class Member's adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule, set forth in the Warranty and Maintenance Booklet for the vehicle, during the time he/she owned and/or leased the vehicle, in particular, scheduled oil changes, up to the date/mileage of repair or replacement, within a variance of ten percent (10%) of the scheduled time/mileage requirements.  In the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a sworn Declaration detailing what efforts were made to obtain the records, including why the records are not available, and attesting to adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule as set forth above.  In the event the Claims Administrator makes a preliminary determination that the proof submitted is insufficient, the

6

Claims Administrator will send the Class Member a letter advising of the deficiencies. The

Class Member will have thirty (30) days to cure the deficiencies or the claim will be rejected,

unless the Class Member requests attorney review within fifteen (15) days after the Claims

Administrator's mailing of the rejection letter. Upon such request, Class Counsel and defense

counsel will meet and confer to resolve the disputed claims.

>    N.    **"Proof of Repair Expense"**

"Proof of Repair Expense" shall take the form of an original or legible copy of a receipt,

invoice or other record, or some combination thereof, identifying the date of repair, the make,

model and vehicle identification number ("VIN") of the Settlement Class Vehicle, the mileage of

the vehicle at the time of repair, the dealer or other facility that performed the repair, a

description of the work performed, including a breakdown of parts and labor costs, and proof of

the sum of money paid by (or on behalf of) the Settlement Class Member, for a repair or

replacement for which reimbursement is available under the terms of this Settlement. If

reimbursement is sought for a damaged or failed engine due to a timing chain tensioner and/or

timing chain failure under the terms of this Settlement, the Proof of Repair Expense should show

that the engine damage or failure that required repair/replacement was due to a failure of the

timing chain tensioner and/or timing chain. In the event the Claims Administrator makes a

preliminary determination that the documentary proof submitted is insufficient, the Claims

Administrator will send the Class Member a letter advising of the deficiencies. The Class

Member will have thirty (30) days to cure the deficiencies or the claim will be rejected, unless

the Class Member requests attorney review within fifteen (15) days after the Claims

Administrator's mailing of the rejection letter. Upon such request, Class Counsel and defense

counsel will meet and confer to resolve the disputed claims.

>    O.    **"Released Claims" or "Settled Claims"**

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which in any way relate to the Timing Chain System of Settlement Class Vehicles and all matters that were or could have been asserted in the Action, whether arising under statute, law, rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi contract, unjust enrichment, express warranty, implied warranty, Magnuson-Moss Warranty Act, Uniform Commercial Code and any state or local derivation thereof, secret warranty and/or any other theory of liability and/or recovery in law or in equity, any injuries, losses, damages, remedies and recovery of any kind and nature, in law or in equity, under common law, statute, rule or regulation, including but not limited to compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, and/or any other legal or equitable relief.  This release expressly exempts claims for personal injuries and property damage (other than damage to the Settlement Class Vehicle related to the Timing Chain System).

      P.     **"Released Parties"**

"Released Parties" shall mean Volkswagen Group of America, Inc., Audi AG, Volkswagen AG, Volkswagen Credit, Inc., Audi of America LLC, Volkswagen de México S.A. de C.V., all designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of the Settlement Class Vehicles and each of their component parts and systems, and all of the aforementioned persons' or entities' past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns, representatives, attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees, vendors and representatives.

Q.      "Settlement Class" or "Settlement Class Members"

"Settlement Class" or "Settlement Class Members" refers to: "All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I (R) of this Agreement, in the United States of America and Puerto Rico."

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or

9

any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**R.     "Settlement Class Vehicles"**

Settlement Class Vehicles means the model and model year VW and Audi vehicles designated by VIN on Exhibit 4, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

**S.     "Timing Chain System"**

The "Timing Chain System" is materially comprised of the timing chain tensioner, timing chain, chain sprockets, guide rails and tensioning rail.

## II.     SETTLEMENT CONSIDERATION

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendants agree to provide the following consideration to the Settlement Class:

**A.     Warranty Extension for Current Owners or Lessees of Settlement Class Vehicles**

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover Settlement Class Vehicle Timing Chain and Timing Chain Tensioner repairs or replacement, by an authorized VW or Audi dealer, during a period of ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, provided that the Settlement Class member submits, to the dealer, Proof of Adherence to the Vehicle's Maintenance Schedule (hereinafter, the "Extended Warranty"). The Warranty Extension will include the Timing Chain and Timing Chain Tensioner and all parts and labor necessary to effectuate the repair.

10

The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty and Warranty Information Booklet, except that repairs under this subsection of the Agreement are permissible pursuant to the terms and time and mileage limitations herein.  Damages resulting from abuse, alteration or modification, a collision or crash, vandalism and/or other impact shall be excluded and not covered by the Extended Warranty.

The Warranty Extension will apply to all Settlement Class Vehicles irrespective of whether the vehicle has been repaired on or before the Effective Date of the Settlement but is subject to the Settlement being finally approved.

The warranty, as extended, is fully transferable to subsequent owners.

**B.    Reimbursement for Out-of-Pocket Expenses for Repair and/or Replacement of Timing Chain/Timing-Chain Tensioner Within 10 Years or 100,000 Miles (Whichever Occurs First) from the Vehicle's In-Service Date and Prior to the Notice Date.**

Settlement Class Members will be entitled to reimbursement for unreimbursed out-of-pocket expenses as follows:

1.    <u>Timing-Chain Tensioner Repair/Replacement</u>

A.    If, within 10 years or 100,000 miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date, the timing-chain tensioner was repaired or replaced at an authorized Audi or VW dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor.

B.    If, within 10 years or 100,000 miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date, the timing chain tensioner was repaired or replaced at an independent service center, the Settlement Class Member will receive a refund of the paid invoice amount for the covered parts and labor, but no more than $1,100.

11

2.      Timing Chain Repair/Replacement

A.      If, within 10 years or 100,000 miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date, the timing chain was repaired or replaced at an authorized Audi or VW dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the Dealer invoice amount for the covered part(s) and labor.

B.      If the timing chain was repaired or replaced at an independent service center, the Settlement Class Member will receive a refund of the invoice for the covered parts and labor, but no more than $1,500.

C.      Where the timing chain is replaced, the reimbursement coverage includes oil change, oil filter, and cleaning of oil pan, which includes reimbursement to Settlement Class Members for payments previously made for these items in connection with a timing chain repair or replacement.

3.      Simultaneous Timing Chain and Timing Chain Tensioner Repair/Replacement

A.      If the timing chain and timing chain tensioner were both simultaneously repaired or replaced at an authorized Audi or VW dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the Dealer invoice amount for the covered part(s) and labor.

B.      If the timing chain and timing chain tensioner were both simultaneously repaired or replaced at an independent service center, the Settlement Class Member will receive a refund of the invoice for the covered parts and labor, but no more than $2,000.

4.      Limitations

A.      Any reimbursement will be reduced by goodwill or other concession paid by an authorized Audi or VW dealer or any other entity (including insurers and providers of

12

extended warranties), up to no reimbursement if the Class Member received free replacement or repair.

        B.      Defendants will not be responsible for, and will not warrant, repair/replacement work performed at an independent service center. If the replacement covered part(s), purchased by the customer or the independent service center from a Audi or VW dealer fails within one (1) year or 12,000 miles (whichever occurs first) of installation, Defendants will provide a free replacement of the covered part(s) only.

        C.      Reimbursement is subject to time/mileage limits of 10 years/100,000 miles (whichever occurs first) from the In-Service Date of Settlement Class Vehicle.

        D.      If the timing chain or timing chain tensioner fails more than twenty (20) days after the Notice Date and within 10 years or 100,000 miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, the Settlement Class Member must take the vehicle to an authorized Audi or VW dealer for repair pursuant to the terms of the Extended Warranty.

        5.      <u>Required Proof.</u>

    In order to obtain the benefits provided for in this section, the Settlement Class Member must provide both (A) Proof of Repair Expense and (B) Proof of Adherence to the Vehicle's Maintenance Schedule.

        **C.**      **Reimbursement for Out-of-Pocket Expenses to Repair or Replace Damaged or Failed Engine Due to Timing-Chain Tensioner and/or Timing Chain Failure Within 10 years or 100,000 miles (Whichever Occurs First) from the Vehicle's In-Service Date.**

In addition to the reimbursements and extension set forth above, Settlement Class Members will be entitled to reimbursement for out-of-pocket expenses incurred to repair or replace a failed or damaged engine due to timing-chain tensioner and/or timing chain failure as follows:

13

A.    If, within 10 years or 100,000 miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date, the engine was repaired or replaced at an authorized Audi or VW dealer, a refund of the invoice amount subject to the time/mileage parameters and percentage of reimbursement limits in Table One, below.

        1.    If the engine was repaired or replaced at an independent service center, the maximum reimbursement amount is $6,500.00, subject to the time/mileage parameters and percentage of reimbursement limits in Table One, below.

**TABLE 1: REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES FOR DAMAGED OR FAILED ENGINE DUE TO TIMING CHAIN TENSIONER/TIMING CHAIN FAILURE**

| Time from in-service date | Less than 60,000 | 60,001 to 75,000 | 75,001 to 85,000 | 85,001 to 100,000 |
|---|---|---|---|---|
| 5 years | 100% | 70% | 60% | 45% |
| 5-7 years | 70% | 60% | 50% | 35% |
| 7-10 years | 60% | 50% | 40% | 25% |

        2.    <u>Limitations</u>

           A.    Any reimbursement will be reduced by goodwill or other concession paid by an authorized Audi or VW Dealer or any other entity (including insurers and providers of extended warranties), up to no reimbursement if customer received free replacement or repair.

           B.    Defendants will not be responsible for, and will not warrant, repair or replacement work performed at an

independent service center.  If the replacement covered part(s), purchased by the customer or the independent service center from an authorized Audi or VW Dealer fails within one (1) year or 12,000 miles (whichever occurs first) of installation, Defendants will provide a free replacement of the covered part(s) only.

C.      Any replacement engine will be subject to the warranty terms and conditions accompanying that replacement engine. Nothing in the Settlement Agreement modifies that warranty.

3.      <u>Required Proof.</u>

In order to obtain the benefits provided for in this section, the Settlement Class Member must provide both (A) Proof of Repair Expense and (B) Proof of Adherence to the Vehicle's Warranty and Maintenance Schedule.

4.      The following proof must be submitted, and conditions satisfied, in order for a Settlement Class Member to be eligible for a reimbursement under Section II.B. and C of this Agreement:

A.      Claim is mailed to the Claim Administrator, post-marked no later than one hundred fifty (150) days after the Notice Date.

B.      The Claim contains a properly completed Claim Form.

C.      If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified

15

by VIN number on the mailed Claim Form, the Claim contains proof that the claimant is a Settlement Class Member and that the vehicle is a Settlement Class Vehicle.

            D.      The Claim contains the proper Proof of Repair Expense and Proof of Adherence to the Vehicle's maintenance Schedule demonstrating the Settlement Class Member's right to reimbursement under the terms of this Settlement Agreement.

            E.      The Settlement Class Member has not previously been reimbursed for his or her expenses as is provided by the Settlement.

**III.   CLAIMS ADMINISTRATION**

    **A.    Costs of Administration and Notice**

Defendants shall be responsible for the costs of class notice and settlement administration.  The parties retain the right to audit and review the claims handling by the Claim Administrator, and the Claim Administrator shall report to both parties jointly.

    **B.    Administration**

            1.      For each approved reimbursement payment, the Claim Administrator, on behalf of Defendants, shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check to be sent within seventy-five (75) days of the date of receipt of the Claim, or within seventy-five (75) days of the Effective Date, whichever is later.

**IV.   NOTICE**

            A.      To Attorney General:  In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a Settlement Class Member resides.

16

B.     To The Settlement Class:  The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

1.     On an agreed upon date with the Claim Administrator which the parties will use best efforts to insure is no more than seventy five days (75) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached hereto as Exhibit 5, together with the Claim Form, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. Defendants may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Lead Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for dissemination of the Class Notice.

2.     For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from IHS Markit the names and current or last known addresses of Settlement Class Vehicle owners and lessees which can reasonably be obtained, and the VINs of Settlement Class Vehicles.

3.     Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Vehicle owners and lessees.  For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided.  For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced

17

address search (e.g. a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

     4.     The Claim Administrator shall diligently, and/or as reasonably requested by Lead Class Counsel or Defendants' counsel, report to Lead Class Counsel and Defendants' counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

     5.     The Claim Administrator shall, upon request, provide Lead Class Counsel and Defendants' counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

     6.     The Claim Administrator shall implement a Settlement website containing

         (i)     instructions on how to submit a Claim for reimbursement either by mail or online submission;

         (ii)     instructions on how to contact the Claim Administrator, Defendants and Lead Class Counsel for assistance;

         (iii)     a copy of the Claim Form, Class Notice and this Settlement Agreement; and

         (iv)     any other relevant information agreed upon by counsel for the Parties.

     7.     No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit to Lead Class Counsel and Defendants' counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court.

     8.     To Authorized VW and Audi Dealers:  Prior to the Notice Date, Defendants will advise each of its VW and Audi Dealers of the basic terms of the Settlement

Agreement relating to the Extended Warranty, so that authorized dealers may effectively communicate with Settlement Class Members and repair Settlement Class Vehicles pursuant to the terms of the Extended Warranty.  Defendants' counsel will advise Class Counsel that VW and Audi dealers were provided such notification.

## V.    RESPONSE TO NOTICE

### A.    Objection to Settlement

Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, file any such objection via the Court's electronic filing system, and if not filed via the Court's electronic system, must mail the objection to the Court, and serve by first-class mail copies of the objection upon: James E. Cecchi, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., 5 Becker Farm Road, Roseland, New Jersey 07068 on behalf of Class Counsel, and Jeffrey L. Chase, Chase Kurshan Herzfeld & Rubin LLC, 354 Eisenhower Parkway, Suite 1100, Livingston, New Jersey 07039, on behalf of Defendants, and the Claim Administrator, Epiq Global, 777 Third Avenue, 12th Floor, New York, New York 10017.

Any objecting Settlement Class Member must include with his or her objection:

1.    the objector's full name, address, and telephone number,

2.    the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

3.    a written statement of all grounds for the objection accompanied by any legal support for such objection; and

19

4.      copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

5.      In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he or she shall affirmatively so state in the objection.

6.      Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person by counsel, at the final fairness hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the fairness hearing by the objection deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the fairness hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

20

**B.**     **Request for Exclusion from the Settlement**

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claim Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice.   To be effective, the Request for Exclusion must be sent to the specified address and:

1.     include the Settlement Class Member's full name, address and telephone number;

2.     identify the model, model year and VIN of the Settlement Class Vehicle; and

3.     specifically and unambiguously state his or her desire to be excluded from the Settlement Class.

4.     Any request or exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately forty-five (45) days after the date of the mailing of Notice to Settlement Class Members. Any Settlement Class Member, who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

5.     The Claim Administrator will receive purported Requests for Exclusion and will follow guidelines developed jointly by Lead Class Counsel and the Defendants' counsel for determining whether they meet the requirements of a Request for Exclusion.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly

21

by counsel for the parties, who will make a good faith evaluation, if possible.  Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution.  The Claim Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Lead Class Counsel and Defendants' counsel.  The Claim Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court, Lead Class Counsel and Defendant's Counsel within fourteen (14) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## VI.  WITHDRAWAL FROM SETTLEMENT

A.   **Plaintiffs or Defendants shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:**

1.    Any objection to the proposed settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material (e.g., because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

2.    The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, or deprives the withdrawing party

22

of a benefit of the Settlement); a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

3. Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal; or

4. The Defendants shall, in addition, have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than ten percent (10%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class.

5. To withdraw from this Settlement Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this agreement. In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation for any purpose, including the existence, certification or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement

23

Agreement had not been negotiated, made or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

6.      A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.   ADMINISTRATIVE OBLIGATIONS

A.      In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any claims submitted pursuant to the Settlement and any responses thereto. The Claim Administrator, on a monthly basis, shall provide to Lead Class Counsel and Defendants' counsel summary information concerning the number of claims made, number of claims validated, number of returned claims for incompleteness, and total amount of payouts on claims made such that Lead Class Counsel and Defendants' counsel may inspect and monitor the claims process.

B.      Except as otherwise stated in this Agreement, all expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendants.

## VIII.   SETTLEMENT APPROVAL PROCESS

A.      **Preliminary Approval of Settlement**

Promptly after the execution of this Agreement, Lead Class Counsel shall present this Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 3.

B.      **Final Approval of Settlement**

If this Agreement is preliminarily approved by the Court, Lead Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form attached as Exhibit 2.

1.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  Such best efforts shall include taking all necessary steps to secure entry of a Final Order and Judgment, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

### C.      Plaintiffs' Application for Attorney Fees and Incentive Awards

1.      The Parties will attempt to reach agreement on reasonable Class Counsel's Fees and Expenses for which Class Counsel may apply to the Court.  If the Parties are unable to reach agreement, Class Counsel will make an application for reasonable Class Counsel's Fees and Expenses to the Court, to which Defendants may respond as they deem appropriate.  The Court's award of reasonable Class Counsel fees and expenses, if any, shall be subject to rights of appeal by any of the parties.

2.      Plaintiffs believe that Defendants should pay service awards to the individual named Plaintiffs in the Action, each of whom have served as putative class representative in the Action.  Upon finalization of this Settlement Agreement, the parties have agreed that Defendants will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, that Defendants pay service awards of two thousand five hundred dollars ($2,500) to each of the

following named Plaintiffs who have served as putative class representative in the Action: Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison & William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand.

3.     The attorneys' fees and expenses and settlement class representative incentive awards shall be paid by wire transfer, check or other mutually agreeable fashion to Carella, Byrne ("Class Counsel payee") within thirty (30) days after entry of the Final Order and Judgment for attorney fees, expenses, and incentive awards, including final termination or disposition of any appeals relating thereto. Said payments to the Class Counsel payee shall fully satisfy and discharge all obligations of Defendants and Released Parties with respect to payment of the attorneys' fees and expenses and settlement class representative incentive awards.

4.     The Class Counsel payee shall distribute attorneys' fees and expenses awarded by the Court between and among Class Counsel as Class Counsel mutually agree amongst themselves.

5.     The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee and Expense Application are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceedings relating solely to the Fee and Expense Application, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this

Agreement.  Payment of attorneys' fees and expenses and the settlement class representatives' incentive awards will not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members will not be required to pay any portion of the settlement class representatives' incentive awards or attorneys' fees and expenses.

     **D.**    **Release of Plaintiffs' and Settlement Class Members' Claims**

     1.    Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims.

     2.    Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

     3.    Upon the Effective Date, the Action will be deemed dismissed with prejudice.

**IX.**    **MISCELLANEOUS PROVISIONS**

     **A.**    **Effect of Exhibits**

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

     **B.**    **No Admission of Liability**

Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Action or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendants and the Released Parties, or any admissions by Defendants and the

Released Parties of any claim or allegation made in any action or proceeding against them. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendants, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Agreement.

### C.     Entire Agreement

This Agreement represents the entire agreement and understanding among the parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement. The parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

### D.     Arm's-Length Negotiations and Good Faith

The parties have negotiated all of the terms and conditions of this Agreement at arm's length. All terms, conditions and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the parties in entering into this Agreement.

### E.     Continuing Jurisdiction

The parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.     Binding Effect of Settlement Agreement

28

This Agreement shall be binding upon and inure to the benefit of the parties and their representatives, attorneys, heirs, successors and assigns.

### G.   Extensions of Time

The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

### H.   Service of Notice

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defendants' counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

<u>As to Plaintiffs:</u>   James E. Cecchi, Esq.
          Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
          5 Becker Farm Road
          Roseland, New Jersey 07068

<u>As to Defendants:</u>   Jeffrey L. Chase, Esq.
          Chase Kurshan Herzfeld & Rubin LLC
          354 Eisenhower Parkway – Suite 1100
          Livingston, New Jersey 07039

### I.   Authority to Execute Settlement Agreement

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

### J.   Discovery

Defendants will cooperate and participate in reasonable confirmatory discovery, to the extent reasonably deemed necessary by Plaintiffs.

### K.   Return of Confidential Materials

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed in accordance with the terms of the Confidentiality Stipulation and Order entered in the Action dated September 18, 2017.

**L.      No Assignment**

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

**M.      No Third-Party Beneficiaries**

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.

**N.      Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**O.      Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated: April 27, 2018

James E. Cecchi
Caroline F. Bartlett
Carella, Byrne, Cecchi, Olstein,
Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068

Joseph H. Meltzer
Peter A. Muhic
Melissa L. Troutner
Tyler S. Graden
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Gary S. Graifman, Esq.
Jay I. Brody, Esq.
Kantrowitz Goldhamer &
Graifman, P.C.
210 Summit Avenue
Montvale, New Jersey 07645

ON BEHALF OF DEFENDANTS:

Dated: April 30, 2018

Jeffrey L. Chase
Chase Kurshan Herzfeld & Rubin LLC
354 Eisenhower Parkway -- Suite 1100
Livingston, New Jersey 07039

31

# EXHIBIT 1

## <u>VW TIMING CHAIN/TIMING CHAIN TENSIONER<br>CLAIM FORM</u>

Visit the website at <u>www.timingchainsettlement.com</u> where you can complete a claim form and submit supporting documents online, otherwise:

### <u>FOUR STEPS FOR SUBMITTING A CLAIM</u>:

**(1)      Verify Your Contact Information:**

If your contact information is incorrect, please correct it on the right:

*Name:* _____

*Address:* _____

_____

*City* _____

*State* _____ *Zip-code* _____

*Telephone number* ( ) _____

*Vehicle ID Number (VIN):* _____

**(2)      Provide a repair receipt or other paperwork (original or copies):**

<u>If you paid for repairs by an authorized VW dealer or independent repair facility, your documentation must show</u>:

- The date and vehicle mileage at the time of the repair;
- The name, address, and telephone number of the facility that performed the repair;
- The year, make, model, and Vehicle Identification Number (VIN) of your vehicle;
- Proof of ownership or lease of the vehicle;
- The parts repaired or replaced (e.g., timing chain or timing chain tensioner), as applicable to your vehicle under the terms of the settlement.  If reimbursement is sought for a damaged or failed engine due to a timing chain and/or timing chain tensioner failure, your documents must also reflect that the engine damage or failure that required repair/replacement was due to a failure of the timing chain tensioner and/or timing chain.
- Proof of payment including the amount paid for repair (parts and labor) and the date and manner of payment; and
- Documents evidencing your adherence to the relevant aspects of the vehicle maintenance schedule during the time you owned or leased the vehicle, in particular, scheduled oil changes, up to date/mileage of replacement/repair, within a variance of 10% of the scheduled time/mileage maintenance requirements.  However, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, you may submit a sworn declaration detailing why the records are not available and attesting to adherence to the vehicle maintenance schedule and, in particular, scheduled oil changes, up to the date/mileage of replacement/repair, within the variance set forth above.

**(3)      Sign & Date:**

|  |  |
|---|---|
| Signature | Date |

**(4)     Mail Claim Form and Paperwork so that it is postmarked by _____ to:**

Settlement Administrator
Epiq Global
777 Third Avenue, 12th Floor
New York, New York 10017

For more information please view the Class Notice, call the Claims Administrator at _____
or visit www.timingchainsettlement.com

# AUDI TIMING CHAIN/TIMING CHAIN TENSIONER
## CLAIM FORM

Visit the website at www.timingchainsettlement.com where you can complete a claim form and submit supporting documents online, otherwise:

## FOUR STEPS FOR SUBMITTING A CLAIM:

### (1)    Verify Your Contact Information:

If your contact information is incorrect, please correct it on the right:

*Name:* _____

*Address:* _____

_____

*City* _____

*State* _____  *Zip-code* _____

*Telephone number* ( ) _____

*Vehicle ID Number (VIN):* _____

### (2)    Provide a repair receipt or other paperwork (original or copies):

If you paid for repairs by an authorized Audi dealer or independent repair facility, your documentation must show:

- The date and vehicle mileage at the time of the repair;
- The name, address, and telephone number of the facility that performed the repair;
- The year, make, model, and Vehicle Identification Number (VIN) of your vehicle;
- Proof of ownership or lease of the vehicle;
- The parts repaired or replaced (e.g., timing chain or timing chain tensioner), as applicable to your vehicle under the terms of the settlement. If reimbursement is sought for a damaged or failed engine due to a timing chain and/or timing chain tensioner failure, your documents must also reflect that the engine damage or failure that required repair/replacement was due to a failure of the timing chain tensioner and/or timing chain.
- Proof of payment including the amount paid for repair (parts and labor) and the date and manner of payment; and
- Documents evidencing your adherence to the relevant aspects of the vehicle maintenance schedule during the time you owned or leased the vehicle, in particular, scheduled oil changes, up to date/mileage of replacement/repair, within a variance of 10% of the scheduled time/mileage maintenance requirements. However, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, you may submit a sworn declaration detailing why the records are not available and attesting to adherence to the vehicle maintenance schedule and, in particular, scheduled oil changes, up to the date/mileage of replacement/repair, within the variance set forth above.

### (3)    Sign & Date:

|  |  |
|---|---|
| Signature | Date |

**(4)     Mail Claim Form and Paperwork so that it is postmarked by**
_____ **to:**

Settlement Administrator
Epiq Global
777 Third Avenue, 12th Floor
New York, New York 10017

For more information please view the Class Notice, call the Claims Administrator at _____
or visit www.timingchainsettlement.com

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE VOLKSWAGEN TIMING CHAIN
PRODUCT LIABILITY LITIGATION

Civil Action No. 16-2765 (JLL)(JAD)

**FINAL ORDER AND JUDGMENT
CERTIFYING SETTLEMENT CLASS,
AND GRANTING FINAL APPROVAL
OF SETTLEMENT**

Having considered the Joint Motion for Final Approval (the "Motion") of the Settlement between the Class Representative Plaintiffs Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison Fleck, William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand (collectively, "Plaintiffs" or "Class Representatives") and Volkswagen of America, Inc. ("VWGoA"), Volkswagen AG ("VWAG") and Audi AG (collectively, "Defendants")(Plaintiffs and Defendants collectively referred to as the :"Parties"); having held a fairness hearing on _____, 2018; having considered the Settlement Agreement and all of the submissions and arguments with respect to the Motion; having afforded Settlement Class Members the opportunity to object to the proposed Settlement and having considered all timely and proper objections; and having provisionally certified, by the Court's prior Preliminary Approval Order dated _____, 2018 (the "Preliminary Approval Order"), a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; and the Court being fully advised in the premises, the Court finds, orders and adjudges as follows:

1

1.      All terms herein shall have the same meaning as defined in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

3.      The Court confirms its previous preliminary findings in the Preliminary Approval Order.

4.      For purposes of Settlement, the Litigation satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P 23(a) and 23 (b)(3).  The Class or Settlement Class as defined in Paragraph I (Q) of the Settlement Agreement and also defined below is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class and the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.  Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is superior over individual actions.

5.      Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail.  The Claims Administrator, Epiq Global, also placed the Notice on its website, www.timingchainsettlement.com.  Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

6.      In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Claims Administrator caused to be mailed a copy of the proposed class

2

action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where class members reside. None of the Attorneys General filed objections to the Settlement.

7.      The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. Among the factors that they considered are those set forth in the Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement.  The Parties have agreed to the Settlement without any admission of wrongdoing by defendants, which has been denied, and to avoid further expense, uncertainty, inconvenience, and interference with their ongoing business.  As part of this litigation, Lead Class Counsel has conducted a detailed investigation of the facts and analyzed the relevant legal issues.  Although the Class Representatives and Lead Class Counsel believe that the claims asserted in the Complaint have merit, they also have examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims.

8.      The Settlement is fair, reasonable and adequate, and serves the best interests of the Settlement Class, in light of all the relevant factors including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

9.      The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of this Settlement.

10.     It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class

Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment should be presented exclusively to this Court for resolution.

### IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

The Court certifies the following Settlement Class for purposes of Settlement only:

> All persons and entities who purchased or leased a Settlement Class Vehicle, defined as certain 2008 through 2014 model and model year VW and Audi vehicles, as more particularly designated by the Vehicle Identification Numbers ("VIN") listed on Exhibit 4 of the Settlement Agreement, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico.

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class.

11.     The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

12.     The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves.  Attached to this Final Order and Judgment as Exhibit A is a list of the names of each Settlement Class Member who/which has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement.

13.     The Court hereby appoints the following persons as Settlement Class Representatives: Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison Fleck, William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand.

14.     The Court hereby appoints Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Kantrowitz, Goldhamer & Graifman, P.C., and Kessler Topaz Meltzer & Check, LLP as Lead Settlement Class Counsel.

15.     The Action (including all related Actions in this Court) is/are hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any

Party as to the merits of any allegation in this Action and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

16.     The Released Claims of all Settlement Class Members are hereby fully, finally and forever released, discharged, compromised, settled, relinquished and dismissed with prejudice against all of the Released Parties.

17.     Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

18.     The Settlement Agreement, Settlement related documents and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Defendants or by any Released Party of any allegations, claims or alleged wrongdoing.

19.     The Court approves an award of $_____ to each of the Plaintiffs (Plaintiffs Allison Fleck and William Fleck shall be deemed to be one for purposes of this Paragraph): Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison & William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand as a reasonable payment for his, her, or their efforts, expenses and risk as Plaintiffs in bringing this action, which shall be paid by Defendants as provided in the Settlement Agreement.

20.     Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21.     The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement and Preliminary Approval Order.

22.     The Objection[s] filed are hereby [denied].

23.    The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED.**

Dated: _____

_____
**HON. JOSE L. LINARES**

8

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE VOLKSWAGEN TIMING CHAIN
PRODUCT LIABILITY LITIGATION

Civil Action No. 16-2765 (JLL)(JAD)

**ORDER PRELIMINARILY
CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT AND
APPROVING CLASS NOTICE**

THIS MATTER having been opened to the Court by attorneys for Plaintiffs and attorneys

for Defendants, by way of their joint Motion for Preliminary Approval of the proposed

Settlement in the above Action;

WHEREAS, the Court having reviewed and considered the joint Motion for Preliminary

Approval and supporting materials filed by Settlement Class Counsel and Defendants' Counsel;

and

WHEREAS, the Court held a hearing on the joint Motion for Preliminary Approval on

_____; and

WHEREAS, this Court has fully considered the record and the requirements of law; and

good cause appearing;

IT IS THIS _____ day of _____, 2018 ORDERED that the Settlement is hereby

PRELIMINARILY APPROVED.  The Court further finds and orders as follows:

1.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is

proper in this district.

2.     The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members,

and the Defendants.

3.     To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4.     The Settlement was the result of the Parties' good-faith negotiations.  The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations.  The Settlement is not the result of collusion.

5.     The proceedings that occurred before the Parties reached the Settlement gave counsel opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6.     The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b).  Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

7.     The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons and entities who purchased or leased a Settlement Class Vehicle, defined as certain 2008 through 2014 model and model year VW and Audi vehicles, as more particularly designated by the Vehicle Identification Numbers ("VIN") listed on Exhibit 4 of the Settlement Agreement, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (the "Settlement Class").

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who

purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class.

8.      The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class:  Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison Fleck, William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand (the "Class Representatives").

9.      The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interest of the Class Representatives are not antagonistic to those of the Settlement Class.  The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10.      The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibit 5 to the Settlement Agreement and Claim Form attached as Exhibit 1 to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its

3

Exhibits, on the Settlement website satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

11.     The Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class ("Notice Plan"), and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances.  The Court specifically approves the Parties' proposal that on an agreed upon date with the Claim Administrator, but in no event more than seventy-five (75) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit 5, together with the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members.  The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable.  The Court further approves payment of notice costs as provided in the Settlement Agreement.  The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

12.     The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Kantrowitz, Goldhamer & Graifman, P.C., and Kessler Topaz Meltzer & Check, LLP as Lead Settlement Class Counsel.

4

13.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on _____ [at least 135 days after entry of Preliminary Approval Order], to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues:  (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order.  The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

14.     The Court directs that no later than thirty (30) days after the Notice Date, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual named plaintiffs. The Court further directs that no later than five (5) days prior to the Final Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.  If Class Counsel and Defense Counsel do not reach agreement on reasonable attorney fees and costs/expenses, the Parties shall meet and confer to agree upon a schedule for defendants to file opposition to Class Counsel's motion for attorney fees and costs/expenses, which shall be at least sixty (60) days, Plaintiffs' reply thereto, and whether the date of the Fairness Hearing needs to be changed.

15.     Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedures:

(a)     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Clerk of this Court, and must also serve a copy thereof upon the following, postmarked no later than forty-five (45) days after the Notice Date:

**Counsel for Plaintiffs**

James E. Cecchi
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068

**Counsel for Defendants**

Jeffrey L. Chase
Chase Kurshan Herzfeld & Rubin LLC
354 Eisenhower Parkway, Suite 1100
Livingston, New Jersey 07039

(b)     Any objecting Settlement Class Member must include with his or her objection:

i.     the objector's full name, address, and telephone number;

ii.     the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

iii.     a written statement of all grounds for the objection accompanied by any legal support for such objection;

6

iv.        copies of any papers, briefs, or other documents upon which the

objection is based and are pertinent to the objection; and

v.        any Settlement Class Member objecting to the settlement shall

provide a list of all other objections submitted by the objector, or the objector's

counsel, to any class action settlements submitted in any court in the United States

in the previous five years, including the full case name with jurisdiction in which it

was filed and the docket number.  If the Settlement Class Member or his, her or its

counsel has not objected to any other class action settlement in the United States in

the previous five years, he or she shall affirmatively so state in the objection.

(c)        Subject to the approval of the Court, any objecting Settlement Class

Member may appear, in person or by counsel, at the final fairness hearing to explain why

the proposed settlement should not be approved as fair, reasonable, and adequate, or to

object to any motion for Class Counsel Fees and Expenses or incentive awards.  Any

Settlement Class Member who does not provide a notice of intention to appear at the

hearing in accordance with the deadlines and other specifications set forth in the

Settlement Agreement and Notice, or who has not filed an objection in accordance with

the deadlines and other specifications set forth in the Settlement Agreement and the

Notice, may be deemed to have waived any objections to the settlement and any

adjudication or review of the Settlement, by appeal or otherwise.

(d)        Any Class Member who does not make his, her, or its objection in the

manner provided herein shall be deemed to have waived his, her, or its right to object to

any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees

and reimbursement of litigation expenses.  Such Class Member shall forever be barred

and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

16.     The Court appoints Epiq Global as the Settlement Administrator.  The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice Procedure as well as the processing of Claims.

17.     All Settlement Class members shall have the right to opt out of the Settlement Class at any time during the opt-out period.  The opt-out period shall run for forty-five (45) days from the Notice Date.  Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement.  Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Claims Administrator as provided in the Notice.  To be effective, the Request for Exclusion must state specifically and unambiguously his, her or its desire to be excluded from the Settlement Class.  Any purported Requests for Exclusion will be reviewed jointly by counsel for Plaintiffs and Defendant according to the procedures set forth in the Settlement Agreement, which the Court approves.

18.     Any member of the Settlement Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Settlement Class and shall be

bound by all of the terms and provisions of the Settlement Agreement and the Settlement, including but not limited to the release, and the Final Order and Judgment.

19.     Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

20.     In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.  If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  This action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

21.     The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement.  Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by

motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

_____

JOSE L. LINARES, U.S.D.C.J.

# EXHIBIT 4

**DOCUMENT TO BE FILED SEPARATELY**

# EXHIBIT 5

## CLASS NOTICE

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

### <u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY</u>

**If you now or used to own or lease certain Volkswagen vehicles equipped with a factory installed timing chain or timing chain tensioner, you may be entitled to benefits afforded by a class action settlement.  This notice is being mailed to you because you have been identified as owning or leasing a Settlement Class Vehicle.**

- This class action claimed that some timing chains or timing chain tensioners in certain Volkswagen vehicles can fail.  The class action, pending in the United States District Court for the District of New Jersey, is entitled *In Re Volkswagen Timing Chain Product Liability Litigation,* Civil Action No. 16-2765(JLL)(JAD), (the "Action" or "Lawsuit").

- The parties have agreed to settle the Action.  This Notice explains the Lawsuit, the Settlement, your legal rights, available benefits, who is eligible for them, and how to get them.  As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement.  Additional information is available online at www.timingchainsettlement.com.

- Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.

### BASIC INFORMATION

**1.     Introduction:  Why you received this notice.**

According to Volkswagen Group of America, Inc.'s ("VWGoA") records, you are a current or past owner or lessee of a Volkswagen vehicle with a 2.0L EA888 engine including ("Settlement Class Members") of the following model/model year:

- certain 2012-2014 model year Beetle

- certain 2012-2014 model year Beetle Convertible

- certain 2009-2012 model year CC

- certain 2009-2012 model year Eos

- certain 2008-2012 model year GTI

- certain 2008-2010 and 2012-2014 model year Jetta Sedan

1

- certain 2009 model year Jetta SportWagen

- certain 2008-2010 model year Passat Sedan

- certain 2008-2010 model year Passat Wagon

- certain 2009-2013 model year Tiguan

(hereinafter, collectively, "Settlement Class Vehicles").   A class action lawsuit was filed claiming that there was a defect that caused some timing chains and/or timing chain tensioners in the Settlement Class Vehicles to fail, sometimes requiring repair or replacement.   Volkswagen has denied the claims and maintains the timing chains and timing chain tensioners function in a proper manner.

The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

### I. Warranty Extension

VWGoA's New Vehicle Limited Warranty will be extended to cover repair or replacement of failed timing chains and/or timing chain tensioners of Settlement Class Vehicles during a period of ten (10) years or one hundred thousand (100,000) miles from the date the vehicle was first placed into service, whichever comes first.   The warranty extension will be subject to the terms and conditions of the applicable New Vehicle Limited Warranty and will include the timing chain tensioner, timing chain and any parts and labor necessary to effectuate a repair.   This warranty extension will apply to all Settlement Class Vehicles irrespective of whether the vehicle has been repaired on or before the effective date of the Settlement.   The warranty, as extended, is fully transferable to subsequent owners.   Repair or replacement under this extended warranty must be performed by an authorized Volkswagen dealer.

### II. Reimbursement of Out-of-Pocket Expenses for Repair or Replacement of Timing Chain and/or Timing Chain Tensioner

Settlement Class Members may be entitled to reimbursement for out-of-pocket expenses incurred for repair or replacement of failed timing chains and/or timing chain tensioners of Settlement Class Vehicles during the period of ten (10) years or one hundred thousand (100,000) miles from the date the vehicle was first placed into service, whichever occurs first, as follows:

A.   Timing Chain Tensioner Repair/Replacement:

- If the timing chain tensioner was repaired or replaced at an authorized Volkswagen dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor.

- If the timing chain tensioner was repaired or replaced at an independent service center and not an authorized Volkswagen dealer, the Settlement Class Member will receive

2

a refund of the paid invoice for the covered parts and labor, but no more than $1,100.00.

B.     Timing Chain Repair/Replacement:

–   If the timing chain was repaired or replaced at an authorized Volkswagen dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor.

–   If the timing chain was repaired or replaced at an independent service center and not an authorized Volkswagen dealer, the Settlement Class Member will receive a refund of the paid invoice amount for the covered parts and labor, but no more than $1,500.00.

–   When the timing chain is replaced, the warranty coverage includes oil change, oil filter, and cleaning of oil pan, which includes reimbursement to Settlement Class Members for payments previously made for these items in connection with a timing chain repair or replacement.

–   The above relief is subject to certain limitations and proof requirements which are set forth in Section IV below and the Settlement Agreement which can be found at www.timingchainsettlement.com.

C.     Simultaneous Timing Chain and Timing Chain Tensioner Repair/Replacement

–   If the timing chain and timing chain tensioner were both simultaneously repaired or replaced at an authorized Volkswagen dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the dealer invoice amount for the covered part(s) and labor.

–   If the timing chain and timing chain tensioner were both simultaneously repaired or replaced at an independent service center, the Settlement Class Member will receive a refund of the invoice for the covered parts and labor, but no more than $2,000.00.

–   The above relief is subject to certain limitations and proof requirements which are set forth in Section IV below and the Settlement Agreement which can be found at www.timingchainsettlement.com.

III.   **Reimbursement of Out-of-Pocket Expenses to Repair or Replace Damaged or Failed Engine Due to Failure of the Timing Chain Tensioner and/or Timing Chain**

In addition to the reimbursements and warranty extension set forth above, Settlement Class Members may be entitled to reimbursement of out-of-pocket expenses incurred to repair or replace a failed or damaged engine due to the failure of the timing chain tensioner and/or timing chain within ten (10) years or one hundred thousand (100,000) miles from the date the Settlement Class Vehicle was placed into service, whichever occurs first, as follows:

3

- If the engine was repaired or replaced at an authorized Volkswagen dealer, a refund of the paid dealer invoice amount subject to the time/mileage parameters in Table One, below.

- If the engine was repaired or replaced at an independent service center and not an authorized Volkswagen dealer, the maximum reimbursement amount is $6,500.00, subject to the time/mileage parameters in Table One, below.

**TABLE 1: REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES FOR DAMAGED OR FAILED ENGINE DUE TO TIMING CHAIN TENSIONER/TIMING CHAIN FAILURE**

| Time from in-service date | Less than 60,000 miles | 60,001 to 75,000 miles | 75,001 to 85,000 miles | 85,001 to 100,000 miles |
|---|---|---|---|---|
| 5 years or less | 100% | 70% | 60% | 45% |
| 5-7 years | 70% | 60% | 50% | 35% |
| 7-10 years | 60% | 50% | 40% | 25% |

### IV.   Limitations and Required Proof.

**Limitations:**

- Any reimbursement will be reduced by goodwill or other concession paid by an authorized Volkswagen dealer or any other entity (including insurers and providers of extended warranties).

- VWGoA will not be responsible for, and will not warrant, repair or replacement work performed at an independent service center. If the Volkswagen replacement covered part(s), purchased by the Settlement Class Member or the independent service center from an authorized Volkswagen dealer, fails within one (1) year or 12,000 miles (whichever occurs first) of installation, VWGoA will provide a free replacement of the covered part(s) only.

- Any replacement engine will be subject to the replacement part warranty terms and conditions accompanying that replacement engine. This Settlement does not modify the terms, conditions, restrictions or limitations of that warranty.

**Required Proof:** In order to obtain the benefits provided for in this section, the Settlement Class Member shall provide documentation sufficient for the Claims Administrator to process the claim such as:

4

    –  Repair invoice containing the Settlement Class Member's name, make, model year and vehicle identification number (VIN) of the Settlement Class Vehicle, name and address of authorized Volkswagen dealer or servicing center that performed the repair, date of repair, description of repair, mileage at repair, part(s) replaced, that the repair or replacement was due to the failure of the timing chain tensioner and/or timing chain, the cost (parts and labor) of repair/replacement and proof of payment of same or such other proof sufficient to establish the repair.

    –  Documents evidencing Settlement Class Member's good faith adherence to the relevant aspects of the vehicle maintenance schedule during the time he/she owned the Settlement Class Vehicle, in particular, scheduled oil changes, up to the date/mileage of repair/replacement. However, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a sworn declaration detailing why the records are not available, and attesting to adherence to the vehicle maintenance schedule and, in particular, scheduled oil changes, up to the date/mileage of replacement/repair, within the variance set forth above.

**2.     Why is this a class action settlement?**

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims. All of these people are Class Members. The Class Representatives and all Settlement Class Members are called the Plaintiffs and the companies they sued are called the Defendants. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge Jose L. Linares is in charge of this class action.

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong. That way, all parties avoid the risks and cost of a trial, and the people affected (the Settlement Class Members) will get compensation quickly. The Class Representatives and the attorneys think the Settlement is best for the Settlement Class.

<strong>WHO IS PART OF THE SETTLEMENT?</strong>

**3.     Am I in this Settlement Class?**

Judge Linares conditionally approved the following definition of a Settlement Class Member:

All present or former purchasers and/or lessees of a Volkswagen Settlement Class Vehicle enumerated below, originally equipped with factory installed timing chain or timing chain tensioner who reside in the United States of America and Puerto Rico:

    –  certain 2012-2014 model year Beetle

    –  certain 2012-2014 model year Beetle Convertible

    –  certain 2009-2012 model year CC

5

- certain 2009-2012 model year Eos

- certain 2008-2012 model year GTI

- certain 2008-2010 and 2012-2014 model year Jetta Sedan

- certain 2009 model year Jetta SportWagen

- certain 2008-2010 model year Passat Sedan

- certain 2008-2010 model year Passat Wagon

- certain 2009-2013 model year Tiguan

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation, (b) all Judges who have presided over the Action and their spouses, (c) all current employees, officers, directors, agents and representatives of Volkswagen Group Companies, and their family members, (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest, (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale, (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss, (g) any insurer of a Settlement Class Vehicle, (h) any owners or lessees of Settlement Class Vehicles that were not manufactured for export specifically into the United States of America or Puerto Rico and were not imported or distributed by VWGoA, and (i) any Settlement Class Member that files a timely and proper request for exclusion from the Settlement Class.

**4.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information.  You can call ___ _____ Or **visit** www.timingchainsettlement.com for more information.

## SETTLEMENT BENEFITS – WHAT YOU GET

**5.      What does the Settlement provide?**

The benefits afforded by the Settlement are described in paragraph 1.  More details are provided in the next three sections.

**6.      How does the extended warranty work?**

Beginning on _____, VWGoA's New Vehicle Limited Warranty will be extended for all Settlement Class Vehicles to cover repair or replacement of a failed timing chain and/or timing chain tensioner by an authorized Volkswagen dealer if, at the time you bring your vehicle to the dealer for repair, it is within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the date the Settlement Class Vehicle was first placed into service.  The rights and procedures generally available under the New Vehicle Limited Warranty

6

will apply to repairs during this extended warranty period.  The extended warranty is subject to the same terms and conditions of the New Vehicle Limited Warranty.

**7.    Who can send in a claim for cash payments?**

Any United States or Puerto Rico resident who purchased or leased a Settlement Class Vehicle can send in a claim for cash reimbursement for money spent within the time/mileage parameters and prior to the date of this Notice as described in paragraph "1".

**8.    How do I send in a claim for a cash reimbursement?**

To submit a claim for a cash reimbursement, you must do the following:

    <u>**By mail:**</u>

    (1)    **Complete, sign, and date a Claim Form** (there is one enclosed with these materials and you can also get one at www. www.timingchainsettlement.com ).  Keep a copy of the completed Claim Form; and

    (2)    **Mail the Claim Form and your supporting documentation, such as repair record(s), receipts, proof of payment**, and proof of compliance with maintenance requirements by first class mail postmarked no later than _____ to the address on the Claim Form.  The information that must be reflected in your records can be found on the Claim Form.  Keep a copy of your repair records.

<u>**Online:**</u>

    (1)    **Complete an online Claim Form and upload supporting documentation, such as repair record(s), receipts, proof of payment** and proof of compliance with maintenance requirements at the Settlement website: www.timingchainsettlement.com.  Print a copy of the completed Claim Form.

If you fail to submit the Claim Form and supporting documents by the required deadline you will not get paid.

**9.    When do I get my reimbursement or learn whether I will receive a payment?**

If the Claims Administrator determines your claim is valid, your reimbursement will be mailed to you after the Settlement becomes final. The Court will hold a Fairness Hearing on _____, to decide whether to approve the Settlement as fair, reasonable and adequate. Information about the progress of the case will be available at: www.timingchainsettlement.com.

If the Claims Administrator determines your claim should not be paid, you will be mailed a letter telling you this.  If the reason for rejecting your claim is due to a deficiency in your Claim Form and/or supporting proof, the letter will notify you of the deficiency in your claim and what needs to be submitted to correct the deficiency.

To check on the status of your claim, you can call _____.

**10.     What am I giving up to get a cash reimbursement and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the same matters and legal issues in this case (except for claims of personal injury or property damage). It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**11.     How do I get out of this Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail postmarked no later than _____, stating that you want to be excluded from the Settlement. Be sure to include your full name, address, telephone number, signature, model year and VIN of your vehicle, and the approximate date(s) of purchase or lease. You must mail your exclusion request postmarked no later than _____to:

### SETTLEMENT ADMINISTRATOR

**Epiq Global**
**777 Third Avenue, 12th Floor**
**New York, New York 10017**

**Class Counsel**

**James E. Cecchi**
**Carella Byrne Cecchi Olstein Brody & Agnello, P.C.**
**5 Becker Farm Road**
**Roseland, New Jersey 07068**

**Defense Counsel**

**Jeffrey L. Chase**
**Chase Kurshan Herzfeld & Rubin LLC**
**354 Eisenhower Parkway – Suite 1100**
**Livingston, New Jersey 07039**

You cannot exclude yourself on the phone or by e-mail.  If you submit your request to be excluded by U.S. mail or express mail, you will not get any benefits of the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit.

**12.     If I don't exclude myself, can I sue later?**

No, not for the same matters and legal claims at issue here, unless your claim is for personal injury or property damage.

**13.     If I exclude myself can I get the benefits of this Settlement?**

No, if you exclude yourself from the Settlement Class you won't get any money or benefits from this Settlement, and you should not submit a Claim Form.  You cannot do both.

**14.     Do I have a lawyer in this case?**

The Court has appointed the law firms of Carella Byrne Cecchi Olstein Brody & Agnello, P.C., Kessler Topaz Meltzer & Check, LLP and Kantrowitz, Goldhamer & Graifman, Esqs.  Together these law firms are called "Class Counsel."

**15.     Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one at your own cost.

**16.     How will the lawyers be paid, and will the Plaintiff Settlement Class Representatives receive incentive awards?**

Class Counsel have prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the costs and expenses associated with this case.  Class Counsel will request an award of reasonable attorney fees from the Court, in addition to their reasonable costs and expenses of this Lawsuit ("Fees and Expenses").  You won't have to pay these Fees and Expenses.  Any Fees and Expenses awarded to Class Counsel will not affect your Settlement amount.

Class Counsel will also apply to the Court for incentive awards to the named Plaintiffs, who have conditionally been approved as Settlement Class Representatives, in the amount of $_____ each for their efforts in pursuing this litigation for the benefit of the Settlement Class.  Any award for Class Counsel Fees and Expenses and any incentive awards will be paid by Defendants and will not reduce any benefits available to you under the Settlement.

Class Counsel's motion for fees and expenses and Settlement Class Representative incentive awards will be filed by _____, and will be made available for review at www.timingchainsettlement.com.

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

**17.     How do I tell the Court that I like or dislike the Settlement?**

If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or that you object to the Settlement or Class Counsel's requests for fees and expenses and Settlement Class Representative incentive

award, if you do not like a part of it.  You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object, you must send a letter to the Court with copies to the Class Counsel and defense counsel listed below, saying that you are objecting to the Settlement *In Re Volkswagen Timing Chain Product Liability Litigation*, Civil Action No. 16-2765(JLL)(JAD) and your objection must include your full name, current address and telephone number, the model year and VIN of your vehicle and proof that you own(ed) or lease(d) it, a statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Fairness Hearing, and your signature. Any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action Settlements submitted in any court in the previous five (5) years, or affirmatively state that the Settlement Class Member or his or her counsel has not objected to any other class action Settlement in the previous five (5) years, in the written materials provided with the objection. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Be sure to send your objection to the three different places set forth below such that it is postmarked no later than _____.

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| Clerk of the Court, United States District Court for the District of New Jersey Martin Luther King, Jr. Federal Building and U.S. Courthouse 50 Walnut Street Newark, NJ 07101 | James E. Cecchi CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, NJ 07068 | Jeffrey L. Chase CHASE KURSHAN HERZFELD & RUBIN LLC 354 Eisenhower Parkway Suite 1100 Livingston, NJ 07039 |

The filing of an objection allows Class Counsel or Counsel for Defendants to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the Fairness Hearing, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to comply with discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard.

If you do not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for incentive awards or attorney fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

**18.     What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that

you do not want to be part of the Settlement Class and the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## FAIRNESS HEARING

**19.      When and where will the Court decide to approve the Settlement?**

The Court will hold a Fairness Hearing at _____a.m. on _____, in Courtroom _____, United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, to determine whether the Settlement should be finally approved. At this Fairness Hearing the Court will consider whether the Settlement is fair, reasonable and adequate.   The Court will also consider Class Counsel's application for Fees and Expenses and incentive awards to Class Representatives.

**20.      Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense provided you have not excluded yourself from the Settlement.  If you send an objection, you do not have to come to Court to talk about it.  You may also pay your own lawyer to attend, but it is not necessary.

**21.      May I speak at the Fairness Hearing?**

If you do not exclude yourself, you may ask the Court's permission to speak at the Fairness Hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' Fees and Expenses and Settlement Class Representative incentive awards.  To do so, you must send in a letter notice saying that it is your intention to appear at the Fairness Hearing in *In Re Volkswagen Timing Chain Product Liability Litigation,* Civil Action No. 16-2765(JLL)(JAD). The letter notice must state the position you intend to present at the Fairness Hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, telephone number, model year and VIN of your vehicle(s), and your signature. You must send your letter notice to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under question 17 above, such that it is postmarked no later than ___. You may combine this notice and your comment (described under question 17) in a single letter. You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement.

## IF YOU DO NOTHING

**22.      What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it.

## ADDITIONAL INFORMATION

**23.      Visit the website at** www.timingchainsettlement.com where you can submit a claim online, find extra claim forms and more information on this litigation and Settlement.  Updates

regarding the case will be available at www.timingchainsettlement.com.  You may also call the Claims Administrator at _____.

# CLASS NOTICE

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## <u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY</u>

**If you now or used to own or lease certain Audi vehicles equipped with a factory installed timing chain or timing chain tensioner, you may be entitled to benefits afforded by a class action settlement. This notice is being mailed to you because you have been identified as owning or leasing a Settlement Class Vehicle.**

- This class action claimed that some timing chains or timing chain tensioners in certain Volkswagen vehicles can fail. The class action, pending in the United States District Court for the District of New Jersey, is entitled *In Re Volkswagen Timing Chain Product Liability Litigation,* Civil Action No. 16-2765(JLL)(JAD), (the "Action" or "Lawsuit").

- The parties have agreed to settle the Action. This Notice explains the Lawsuit, the Settlement, your legal rights, available benefits, who is eligible for them, and how to get them. As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement. Additional information is available online at www.timingchainsettlement.com.

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.

## BASIC INFORMATION

**1.    Introduction: Why you received this notice.**

According to Volkswagen Group of America, Inc.'s ("VWGoA") records, you are a current or past owner or lessee of an Audi vehicle with a 2.0L EA888 engine including ("Settlement Class Members") of the following model/model year:

- certain 2008-2012 model year A3

- certain 2009-2012 model year A4 Avant

- certain 2009-2013 model year A4 Sedan

- certain 2010-2013 model year A5 Cabriolet

- certain 2010-2013 model year A5 Coupe

- certain 2012 model year A6

1

      – certain 2011-2012 model year Q5

      – certain 2009-2012 model year TT Coupe

      – certain 2009-2012 model year TT Roadster

(hereinafter, collectively, "Settlement Class Vehicles").   A class action lawsuit was filed claiming that there was a defect that caused some timing chains and/or timing chain tensioners in the Settlement Class Vehicles to fail, sometimes requiring repair or replacement.  Defendants have denied the claims and maintains the timing chains and timing chain tensioners function in a proper manner.

The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

## I. Warranty Extension

VWGoA's New Vehicle Limited Warranty will be extended to cover repair or replacement of failed timing chains and/or timing chain tensioners of Settlement Class Vehicles during a period of ten (10) years or one hundred thousand (100,000) miles from the date the vehicle was first placed into service, whichever comes first.  The warranty extension will be subject to the terms and conditions of the applicable New Vehicle Limited Warranty and will include the timing chain tensioner, timing chain and any parts and labor necessary to effectuate a repair.  This warranty extension will apply to all Settlement Class Vehicles irrespective of whether the vehicle has been repaired on or before the effective date of the Settlement.  The warranty, as extended, is fully transferable to subsequent owners.  Repair or replacement under this extended warranty must be performed by an authorized Volkswagen dealer.

## II. Reimbursement of Out-of Pocket Expenses for Repair or Replacement of Timing Chain and/or Timing Chain Tensioner

Settlement Class Members may be entitled to reimbursement for out-of-pocket expenses incurred for repair or replacement of failed timing chains and/or timing chain tensioners of Settlement Class Vehicles during the period of ten (10) years or one hundred thousand (100,000) miles from the date the vehicle was first placed into service, whichever occurs first, as follows:

    A.    Timing Chain Tensioner Repair/Replacement:

    – If the timing chain tensioner was repaired or replaced at an authorized Audi dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor.

- If the timing chain tensioner was repaired or replaced at an independent service center and not an authorized Audi dealer, the Settlement Class Member will receive a refund of the paid invoice for the covered parts and labor, but no more than $1,100.00.

B.    <u>Timing Chain Repair/Replacement:</u>

- If the timing chain was repaired or replaced at an authorized Audi dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the paid dealer invoice amount for the covered part(s) and labor.

- If the timing chain was repaired or replaced at an independent service center and not an authorized Audi dealer, the Settlement Class Member will receive a refund of the paid invoice amount for the covered parts and labor, but no more than $1,500.00.

- When the timing chain is replaced, the warranty coverage includes oil change, oil filter, and cleaning of oil pan, which includes reimbursement to Settlement Class Members for payments previously made for these items in connection with a timing chain repair or replacement.

- The above relief is subject to certain limitations and proof requirements which are set forth in Section IV below and the Settlement Agreement which can be found at www.timingchainsettlement.com.

C.    <u>Simultaneous Timing Chain and Timing Chain Tensioner Repair/Replacement</u>

- If the timing chain and timing chain tensioner were both simultaneously repaired or replaced at an authorized Audi dealer, the Settlement Class Member will receive a one-hundred percent (100%) refund of the dealer invoice amount for the covered part(s) and labor.

- If the timing chain and timing chain tensioner were both simultaneously repaired or replaced at an independent service center, the Settlement Class Member will receive a refund of the invoice for the covered parts and labor, but no more than $2,000.00.

- The above relief is subject to certain limitations and proof requirements which are set forth in Section IV below and the Settlement Agreement which can be found at www.timingchainsettlement.com.

**III.    <u>Reimbursement of Out-of-Pocket Expenses to Repair or Replace Damaged or Failed Engine Due to Failure of the Timing Chain Tensioner and/or Timing Chain</u>**

In addition to the reimbursements and warranty extension set forth above, Settlement Class Members may be entitled to reimbursement of out-of-pocket expenses incurred to repair or replace a failed or damaged engine due to the failure of the timing chain tensioner and/or timing chain within ten (10) years or one hundred thousand (100,000) miles from the date the Settlement Class Vehicle was placed into service, whichever occurs first, as follows:

3

&ndash; If the engine was repaired or replaced at an authorized Audi dealer, a refund of the paid dealer invoice amount subject to the time/mileage parameters in Table One, below.

&ndash; If the engine was repaired or replaced at an independent service center and not an authorized Audi dealer, the maximum reimbursement amount is $6,500.00, subject to the time/mileage parameters in Table One, below.

**TABLE 1: REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES FOR DAMAGED OR FAILED ENGINE DUE TO TIMING CHAIN TENSIONER/TIMING CHAIN FAILURE**

| Time from in-service date | Less than 60,000 miles | 60,001 to 75,000 miles | 75,001 to 85,000 miles | 85,001 to 100,000 miles |
|---|---|---|---|---|
| 5 years or less | 100% | 70% | 60% | 45% |
| 5-7 years | 70% | 60% | 50% | 35% |
| 7-10 years | 60% | 50% | 40% | 25% |

## IV.   Limitations and Required Proof.

**Limitations:**

&ndash; Any reimbursement will be reduced by goodwill or other concession paid by an authorized Audi dealer or any other entity (including insurers and providers of extended warranties).

&ndash; VWGoA will not be responsible for, and will not warrant, repair or replacement work performed at an independent service center. If the Audi replacement covered part(s), purchased by the Settlement Class Member or the independent service center from an authorized Audi dealer, fails within one (1) year or 12,000 miles (whichever occurs first) of installation, VWGoA will provide a free replacement of the covered part(s) only.

&ndash; Any replacement engine will be subject to the replacement part warranty terms and conditions accompanying that replacement engine. This Settlement does not modify the terms, conditions, restrictions or limitations of that warranty.

**Required Proof:** In order to obtain the benefits provided for in this section, the Settlement Class Member shall provide documentation sufficient for the Claims Administrator to process the claim such as:

4

- Repair invoice containing the Settlement Class Member's name, make, model year and vehicle identification number (VIN) of the Settlement Class Vehicle, name and address of authorized Audi dealer or servicing center that performed the repair, date of repair, description of repair, mileage at repair, part(s) replaced, that the repair or replacement was due to the failure of the timing chain tensioner and/or timing chain, the cost (parts and labor) of repair/replacement and proof of payment of same or such other proof sufficient to establish the repair.

- Documents evidencing Settlement Class Member's good faith adherence to the relevant aspects of the vehicle maintenance schedule during the time he/she owned the Settlement Class Vehicle, in particular, scheduled oil changes, up to the date/mileage of repair/replacement. However, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a sworn declaration detailing why the records are not available, and attesting to adherence to the vehicle maintenance schedule and, in particular, scheduled oil changes, up to the date/mileage of replacement/repair, within the variance set forth above.

**2.      Why is this a class action settlement?**

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims. All of these people are Class Members. The Class Representatives and all Settlement Class Members are called the Plaintiffs and the companies they sued are called the Defendants. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge Jose L. Linares is in charge of this class action.

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong. That way, all parties avoid the risks and cost of a trial, and the people affected (the Settlement Class Members) will get compensation quickly. The Class Representatives and the attorneys think the Settlement is best for the Settlement Class.

## WHO IS PART OF THE SETTLEMENT?

**3.      Am I in this Settlement Class?**

Judge Linares conditionally approved the following definition of a Settlement Class Member:

All present or former purchasers and/or lessees of an Audi Settlement Class Vehicle enumerated below, originally equipped with factory installed timing chain or timing chain tensioner who reside in the United States of America and Puerto Rico:

- certain 2008-2012 model year A3

- certain 2009-2012 model year A4 Avant

- certain 2009-2013 model year A4 Sedan

5

- certain 2010-2013 model year A5 Cabriolet

- certain 2010-2013 model year A5 Coupe

- certain 2012 model year A6

- certain 2011-2012 model year Q5

- certain 2009-2012 model year TT Coupe

- certain 2009-2012 model year TT Roadster

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation, (b) all Judges who have presided over the Action and their spouses, (c) all current employees, officers, directors, agents and representatives of Volkswagen Group Companies, and their family members, (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest, (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale, (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss, (g) any insurer of a Settlement Class Vehicle, (h) any owners or lessees of Settlement Class Vehicles that were not manufactured for export specifically into the United States of America or Puerto Rico and were not imported or distributed by VWGoA, and (i) any Settlement Class Member that files a timely and proper request for exclusion from the Settlement Class.

**4.    I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information.  You can call __ _____ Or **visit** www.timingchainsettlement.com for more information.

**SETTLEMENT BENEFITS – WHAT YOU GET**

**5.    What does the Settlement provide?**

The benefits afforded by the Settlement are described in paragraph 1.  More details are provided in the next three sections.

**6.    How does the extended warranty work?**

Beginning on _____, VWGoA's New Vehicle Limited Warranty will be extended for all Settlement Class Vehicles to cover repair or replacement of a failed timing chain and/or timing chain tensioner by an authorized Audi dealer if, at the time you bring your vehicle to the dealer for repair, it is within ten (10) years or one hundred thousand (100,000) miles (whichever occurs first) from the date the Settlement Class Vehicle was first placed into service. The rights and procedures generally available under the New Vehicle Limited Warranty will

6

apply to repairs during this extended warranty period.  The extended warranty is subject to the same terms and conditions of the New Vehicle Limited Warranty.

**7.     Who can send in a claim for cash payments?**

Any United States or Puerto Rico resident who purchased or leased a Settlement Class Vehicle can send in a claim for cash reimbursement for money spent within the time/mileage parameters and prior to the date of this Notice as described in paragraph "1".

**8.     How do I send in a claim for a cash reimbursement?**

To submit a claim for a cash reimbursement, you must do the following:

> **By mail:**
>
> (1)   **Complete, sign, and date a Claim Form** (there is one enclosed with these materials and you can also get one at www. www.timingchainsettlement.com ).  Keep a copy of the completed Claim Form; and
>
> (2)   **Mail the Claim Form and your supporting documentation, such as repair record(s), receipts, proof of payment**, and proof of compliance with maintenance requirements by first class mail postmarked no later than _____ to the address on the Claim Form.  The information that must be reflected in your records can be found on the Claim Form.  Keep a copy of your repair records.

**Online:**

> (1)   **Complete an online Claim Form and upload supporting documentation, such as repair record(s), receipts, proof of payment** and proof of compliance with maintenance requirements at the Settlement website: www.timingchainsettlement.com.  Print a copy of the completed Claim Form.

If you fail to submit the Claim Form and supporting documents by the required deadline you will not get paid.

**9.     When do I get my reimbursement or learn whether I will receive a payment?**

If the Claims Administrator determines your claim is valid, your reimbursement will be mailed to you after the Settlement becomes final. The Court will hold a Fairness Hearing on _____, to decide whether to approve the Settlement as fair, reasonable and adequate. Information about the progress of the case will be available at: www.timingchainsettlement.com.

If the Claims Administrator determines your claim should not be paid, you will be mailed a letter telling you this.  If the reason for rejecting your claim is due to a deficiency in your Claim Form and/or supporting proof, the letter will notify you of the deficiency in your claim and what needs to be submitted to correct the deficiency.

To check on the status of your claim, you can call _____.

7

**10.    What am I giving up to get a cash reimbursement and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the same matters and legal issues in this case (except for claims of personal injury or property damage). It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**11.    How do I get out of this Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail postmarked no later than _____, stating that you want to be excluded from the Settlement. Be sure to include your full name, address, telephone number, signature, model year and VIN of your vehicle, and the approximate date(s) of purchase or lease. You must mail your exclusion request postmarked no later than _____ to:

### SETTLEMENT ADMINISTRATOR

**Epiq Global
777 Third Avenue, 12th Floor
New York, New York 10017**

**Class Counsel**

**James E. Cecchi
Carella Byrne Cecchi Olstein Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068**

**Defense Counsel**

**Jeffrey L. Chase
Chase Kurshan Herzfeld & Rubin LLC
354 Eisenhower Parkway – Suite 1100
Livingston, New Jersey 07039**

You cannot exclude yourself on the phone or by e-mail.  If you submit your request to be excluded by U.S. mail or express mail, you will not get any benefits of the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit.

**12.    If I don't exclude myself, can I sue later?**

No, not for the same matters and legal claims at issue here, unless your claim is for personal injury or property damage.

**13.    If I exclude myself can I get the benefits of this Settlement?**

No, if you exclude yourself from the Settlement Class you won't get any money or benefits from this Settlement, and you should not submit a Claim Form.  You cannot do both.

**14.    Do I have a lawyer in this case?**

The Court has appointed the law firms of Carella Byrne Cecchi Olstein Brody & Agnello, P.C., Kessler Topaz Meltzer & Check, LLP and Kantrowitz, Goldhamer & Graifman, Esqs.  Together these law firms are called "Class Counsel."

**15.    Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one at your own cost.

**16.    How will the lawyers be paid, and will the Plaintiff Settlement Class Representatives receive incentive awards?**

Class Counsel have prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the costs and expenses associated with this case.  Class Counsel will request an award of reasonable attorney fees from the Court, in addition to their reasonable costs and expenses of this Lawsuit ("Fees and Expenses").  You won't have to pay these Fees and Expenses.  Any Fees and Expenses awarded to Class Counsel will not affect your Settlement amount.

Class Counsel will also apply to the Court for incentive awards to the named Plaintiffs, who have conditionally been approved as Settlement Class Representatives, in the amount of $_____ each for their efforts in pursuing this litigation for the benefit of the Settlement Class.  Any award for Class Counsel Fees and Expenses and any incentive awards will be paid by Defendants and will not reduce any benefits available to you under the Settlement.

Class Counsel's motion for fees and expenses and Settlement Class Representative incentive awards will be filed by _____, and will be made available for review at www.timingchainsettlement.com.

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

**17.    How do I tell the Court that I like or dislike the Settlement?**

If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or that you object to the Settlement or Class Counsel's requests for fees and expenses and Settlement Class Representative incentive

award, if you do not like a part of it.  You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object, you must send a letter to the Court with copies to the Class Counsel and defense counsel listed below, saying that you are objecting to the Settlement *In Re Volkswagen Timing Chain Product Liability Litigation*, Civil Action No. 16-2765(JLL)(JAD) and your objection must include your full name, current address and telephone number, the model year and VIN of your vehicle and proof that you own(ed) or lease(d) it, a statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Fairness Hearing, and your signature. Any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action Settlements submitted in any court in the previous five (5) years, or affirmatively state that the Settlement Class Member or his or her counsel has not objected to any other class action Settlement in the previous five (5) years, in the written materials provided with the objection. If you intend to appear at the Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Be sure to send your objection to the three different places set forth below such that it is postmarked no later than _____ .

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel |
|---|---|---|
| Clerk of the Court, United States District Court for the District of New Jersey Martin Luther King, Jr. Federal Building and U.S. Courthouse 50 Walnut Street Newark, NJ 07101 | James E. Cecchi CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, NJ 07068 | Jeffrey L. Chase CHASE KURSHAN HERZFELD & RUBIN LLC 354 Eisenhower Parkway Suite 1100 Livingston, NJ 07039 |

The filing of an objection allows Class Counsel or Counsel for Defendants to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the Fairness Hearing, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to comply with discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard.

If you do not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for incentive awards or attorney fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

**18.**    **What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that

you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## FAIRNESS HEARING

**19.     When and where will the Court decide to approve the Settlement?**

The Court will hold a Fairness Hearing at _____a.m. on _____, in Courtroom _____, United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, to determine whether the Settlement should be finally approved. At this Fairness Hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider Class Counsel's application for Fees and Expenses and incentive awards to Class Representatives.

**20.     Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense provided you have not excluded yourself from the Settlement. If you send an objection, you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary.

**21.     May I speak at the Fairness Hearing?**

If you do not exclude yourself, you may ask the Court's permission to speak at the Fairness Hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and Settlement Class Representative incentive awards. To do so, you must send in a letter notice saying that it is your intention to appear at the Fairness Hearing in *In Re Volkswagen Timing Chain Product Liability Litigation,* Civil Action No. 16-2765(JLL)(JAD). The letter notice must state the position you intend to present at the Fairness Hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, telephone number, model year and VIN of your vehicle(s), and your signature. You must send your letter notice to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under question 17 above, such that it is postmarked no later than ___. You may combine this notice and your comment (described under question 17) in a single letter. You cannot speak at the Fairness Hearing if you excluded yourself from the Settlement.

## IF YOU DO NOTHING

**22.     What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it.

## ADDITIONAL INFORMATION

**23.     Visit the **website** at www.timingchainsettlement.com.where you can submit a claim online, find extra claim forms and more information on this litigation and Settlement. Updates

11

regarding the case will be available at www.timingchainsettlement.com. You may also call the Claims Administrator at _____.