# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VOLKSWAGEN TIMING CHAIN PRODUCT LIABILITY LITIGATION | Civil Action No. 16-2765 (JLL)(JAD)<br><br>**ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVING CLASS NOTICE** |

THIS MATTER having been opened to the Court by attorneys for Plaintiffs and attorneys for Defendants, by way of their joint Motion for Preliminary Approval of the proposed Settlement in the above Action;

WHEREAS, the Court having reviewed and considered the joint Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel and Defendants' Counsel; and

WHEREAS, the Court held a hearing on the joint Motion for Preliminary Approval on _____; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS THIS \_\_\_\_ day of _____, 2018 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED. The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendants.

3.   To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4.   The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The Settlement is not the result of collusion.

5.   The proceedings that occurred before the Parties reached the Settlement gave counsel opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6.   The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

7.   The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons and entities who purchased or leased a Settlement Class Vehicle, defined as certain 2008 through 2014 model and model year VW and Audi vehicles, as more particularly designated by the Vehicle Identification Numbers ("VIN") listed on Exhibit 4 of the Settlement Agreement, imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (the "Settlement Class").

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who

purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class.

8. The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class: Lloyd Artola, Dawn Stanton Blanchard, Katrina Calihan, Hamza Deib, Umar Ellahie, Angel Esquijarosa, Allison Fleck, William Fleck, Allan Gaudet, Zachariah Gossman, Jason Hosier, Demetrie Hylick, Garrett Johnson, Pamela K. Kane, Hannah LeMoine, Shimelesse Mekbeb, Neel Mody, Karl Molwitz, Anoushirvan Nadiri, Suzanne Noyes, Debra J. Oles, Jeffrey Pipe, Jennifer Piumarta, John Schaffranek, Erika Sensnovis, Robby Smith, Michael Spencer, Dena Stockalper, William R. Swihart, David Zhao, Bartosz Zielezinski, and David Zimand (the "Class Representatives").

9. The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interest of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10. The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibit 5 to the Settlement Agreement and Claim Form attached as Exhibit 1 to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its

Exhibits, on the Settlement website satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

11. The Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class ("Notice Plan"), and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Claim Administrator, but in no event more than seventy-five (75) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit 5, together with the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court further approves payment of notice costs as provided in the Settlement Agreement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

12. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Kantrowitz, Goldhamer & Graifman, P.C., and Kessler Topaz Meltzer & Check, LLP as Lead Settlement Class Counsel.

13. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on _____ [at least 135 days after entry of Preliminary Approval Order], to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

14. The Court directs that no later than thirty (30) days after the Notice Date, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual named plaintiffs. The Court further directs that no later than five (5) days prior to the Final Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs. If Class Counsel and Defense Counsel do not reach agreement on reasonable attorney fees and costs/expenses, the Parties shall meet and confer to agree upon a schedule for defendants to file opposition to Class Counsel's motion for attorney fees and costs/expenses, which shall be at least sixty (60) days, Plaintiffs' reply thereto, and whether the date of the Fairness Hearing needs to be changed.

15. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedures:

   (a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Clerk of this Court, and must also serve a copy thereof upon the following, postmarked no later than forty-five (45) days after the Notice Date:

   **Counsel for Plaintiffs**

   James E. Cecchi
   Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
   5 Becker Farm Road
   Roseland, New Jersey 07068

   **Counsel for Defendants**

   Jeffrey L. Chase
   Chase Kurshan Herzfeld & Rubin LLC
   354 Eisenhower Parkway, Suite 1100
   Livingston, New Jersey 07039

   (b) Any objecting Settlement Class Member must include with his or her objection:

   i. the objector's full name, address, and telephone number;

   ii. the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

   iii. a written statement of all grounds for the objection accompanied by any legal support for such objection;

        iv.    copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

        v.    any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he or she shall affirmatively so state in the objection.

(c)    Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the final fairness hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d)    Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred

and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

16. The Court appoints Epiq Global as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice Procedure as well as the processing of Claims.

17. All Settlement Class members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall run for forty-five (45) days from the Notice Date. Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must state specifically and unambiguously his, her or its desire to be excluded from the Settlement Class. Any purported Requests for Exclusion will be reviewed jointly by counsel for Plaintiffs and Defendant according to the procedures set forth in the Settlement Agreement, which the Court approves.

18. Any member of the Settlement Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Settlement Class and shall be

bound by all of the terms and provisions of the Settlement Agreement and the Settlement, including but not limited to the release, and the Final Order and Judgment.

19. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

20. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

21. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by

motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

_____<br>JOSE L. LINARES, U.S.D.C.J.